13106

KEELS v. ATLANTIC COAST LINE R. CO. *ET AL.*

(157 S. E., 834)

July, 1930.

*Mr. J. W. Wallace, Jr.,* for appellant,

*Mr. D. Gordon Baker,* for respondents,

April 1, 1931.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

As we gather from the record in this case, one John Keels, at the time of his death in 1929, was in the employ of the Atlantic Coast Line Railway Company, and held a membership in the relief department of that company, the object of which was to establish a fund to be paid in definite amounts to employees contributing thereto, or, in the event of the death of any such employee, to a beneficiary designated by him. By reason of the membership of Keels, the railway company, at his death, was under obligation to pay to the person entitled to it the sum of $250. Susie Keels, wife of the deceased, claimed the money under the regulations of the department, but, on account of conflicting claims, the company refused to pay until the question should be settled by the Court. This action was brought by John's father, who alleged that the death of his son resulted from a knife wound intentionally and feloniously inflicted by Susie, who thereby forfeited her right to the fund; and that he, as the father, was entitled to it.

The defendant, Susie Keels, answering the complaint, denied that the death of her husband was intentionally caused by any act of hers, as stated in the complaint; and alleged that a Court of competent jurisdiction had passed upon the question, and that she had been convicted of involuntary manslaughter only.

The case was heard in the Civil Court of Florence County on July 10, 1930. Evidence was introduced by the plaintiff tending to show that Susie Keels had unlawfully and in-

tentionally killed her husband by stabbing him with some sharp instrument. Before plaintiff's testimony was completed, however, the trial Judge indicated that, under an Act of the General Assembly of 1924 (33 Stat., 1188), and the construction placed upon that Act by the Supreme Court in the case of *Smith v. Todd*, 155 S. C., 323, 152 S. E., 506, 511, 70 A. L. R., 1529, the judgment roll in the criminal prosecution of Susie Keels would be admissible in evidence in this case, and that, if it appeared from such judgment roll that she had been found guilty of involuntary manslaughter only, she would be entitled, as a matter of law, to the fund.

The judgment roll in the criminal action was admitted in evidence over plaintiff's objection and showed a conviction of involuntary manslaughter. Thereupon plaintiff's attorney announced that, under the ruling of the Court, he would make no further effort to establish plaintiff's right to the fund. By agreement, the case was then withdrawn from the jury and submitted for determination to the trial Judge, who gave judgment for the defendant, Susie Keels, stating in his order: "After due consideration I find that in the case of the *State v. Susie Keels* tried in Court of General Sessions of Florence County she was convicted of involuntary manslaughter and sentenced by the Court, and that that judgment has become final. I further find, as a matter of law, that the Act of March 26, 1924, which is to the effect 'that no person who shall be convicted in any Court of competent jurisdiction of unlawfully killing another person shall receive any benefit from the death of the person unlawfully killed except in cases of involuntary manslaughter,' as construed in the case of *Smith v. Todd, supra,* confers upon a party to a suit involving the right to an insurance fund payable on account of the death of a person for whose death one of the claimants has been convicted in any Court of competent jurisdiction the right to introduce in evidence in a civil action the judgment of the Court of General Sessions showing the conviction and that such judgment, if regular, is, if

it shows that the claimant has been convicted of unlawfully and intentionally killing a person on account of whose death the insurance is claimed, a conclusive bar to the right of the person convicted to recover. I also hold, however, that the person on account of whose act the death occurred, in a suit involving the right to the insurance fund, is entitled, if convicted of involuntary manslaughter only, to introduce the judgment of the Court of General Sessions in the civil action, and that such judgment conclusively establishes the right of such person so convicted of involuntary manslaughter only, to such fund, if the circumstances of the case are such that but for his or her participation in the death he or she would have been entitled to the fund." From this order the plaintiff appeals.

In *Smith v. Todd, supra,* the Court said:

"That, prior to the enactment of this statute, the conviction of a person in the criminal Courts of unlawfully killing another did not establish and fix his status in that regard with respect to the vesting, enforcement, and transmission of civil rights derived from and based upon the death of the person unlawfully killed by him, is well settled."

As pointed out in that case, it was not the intention of the Legislature in the enactment of the statute to abrogate the common-law rule barring a beneficiary who murdered the insured from taking under the policy, but to extend that rule in an important particular, that is, by making conviction of "unlawful killing"—except in cases of involuntary manslaughter—"in and of itself, determinative of the status of the person convicted with respect to benefits receivable from the death of the person unlawfully killed." Under the common-law rule, with regard to such benefits, a beneficiary who may have been convicted of murder or voluntary manslaughter is not bound by his conviction, but the question of his guilt or innocence, when involved in a civil action to which the rule is applicable, still remains to be determined in the trial of such civil action; under the provisions of the

statute, the conviction, itself, in a Court of competent jurisdiction, of murder or voluntary manslaughter, is the determining factor in a civil action to which the statute is applicable, the necessity of establishing guilt in such civil action by evidence dehors the record of conviction being thus obviated. Further than this the statute does not go. Neither expressly, nor by implication, does it permit one who has been acquitted in a Court of competent jurisdiction, on a charge of unlawful killing, to show such acquittal in the trial of a civil case in which his guilt or innocence may be a question at issue; in like manner, it does not allow one who on such charge has been convicted of involuntary manslaughter only to show that fact in such a civil trial—in other words, in these respects it confers no privilege which did not obtain under the common law. We think it is clear that the statute, in so far as involuntary manslaughter is concerned, makes no change in the common-law rule, but merely declares, by implication and in effect, that conviction of that offense shall not constitute an adjudication of the civil rights of the person so convicted, either in his favor or against him.

The trial Judge, therefore, was in error in admitting in evidence the judgment roll showing the conviction of the defendant, Susie Keels, of involuntary manslaughter, and in holding that such judgment conclusively established her right to the insurance fund in question.

The judgment of the Court below is reversed, and the case remanded for a new trial.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES COTHRAN and CARTER concur.