2111

Joan WILSON, Appellant v. Stewart WILSON, as Personal Representative of the Estate of Raleigh Wilson, Deceased, Respondent.

(439 S.E. (2d) 323)

Court of Appeals

*Richard E. Thompson, Jr.* and *Harold R. Lowery*, Anderson, *for appellant.*

*Jack F. McIntosh*, Anderson, *for respondent.*

Heard Nov. 3, 1993.

Decided Dec. 20, 1993. Reh. Den. Jan. 20, 1994.

SHAW, Judge:

Appellant, Joan Wilson, wife of decedent, brought this action seeking a declaratory judgment that she was entitled to receive proceeds from certain life insurance policies held by decedent and to participate in the distribution of his estate. Respondent, Stewart Wilson, father of decedent and personal representative of decedent's estate, answered appellant's complaint asserting appellant should be barred from collecting any insurance proceeds or participating in the distribution of the estate under S.C. Code Ann. § 62-2-803 (1987). The jury returned a special verdict against the appellant. We affirm.

Appellant contends the trial judge erred in failing to direct a verdict for her and in failing to set aside the verdict arguing there was no evidence she intentionally and feloniously killed her husband in contravention of S.C. Code Ann. § 62-2-803 (1987). We disagree.

In an action at law[1] on appeal of a case tried before a jury, jurisdiction of this court extends merely to correction of errors of law and a factual finding of the jury will not be disturbed unless review of the record discloses no evidence which reasonably supports the jury's findings. *Mack v. Riley*, 282 S.C. 100, 316 S.E. (2d) 731 (Ct. App. 1984). We must view the evidence and all reasonable inferences which

---

[1] A declaratory judgment action such as this is an action at law. *Legette v. Smith*, 226 S.C. 403, 85 S.E. (2d) 576 (1955).

can be drawn therefrom in a light most favorable to the prevailing party. *Graham v. Whitaker*, 282 S.C. 393, 321 S.E. (2d) 40 (1984). We are not at liberty to pass upon the veracity of the witnesses or determine this case according to what we think is the weight of the evidence. *Id.*

Viewing the evidence in the light most favorable to the respondent, the record reveals as follows. On December 19, 1990 at approximately 11:30 p.m., Raleigh Wilson was shot and killed by the appellant's daughter, Tara Jones. Tara and appellant's son, Clad Brown, were both convicted and sentenced for the death of Raleigh. Appellant admitted her son Chad had informed her at one time that Tara intended to burn appellant's house down. She believed the purpose was to kill Raleigh Wilson. She further admitted confiding this information with coworker Joan Burdette. Another coworker, Richard Kidd, testified appellant told him "Tara had bought a couple of gallons of gasoline and was going to burn the house down and burn Raleigh up in it after he got off work and went to bed." He further testified Joan stated, "I told her that she's not going to burn my house down. The house is mine . . . she could kill him if she wants to, but she's not going to burn my house down . . . besides I'll get the insurance money." Mr. Kidd also stated appellant told him several weeks before Raleigh's death that she wanted to divorce Raleigh and, after discussing the possibility of appellant being required to pay alimony, "she said that Raleigh would not get any of her money because her kids would kill him first."

S.C. Code Ann. § 62-2-803 (1987) provides in pertinent part:

> (a) A surviving spouse . . . who feloniously and intentionally kills the decedent is not entitled to any benefits under the will or under this article, and the estate of decedent passes as if the killer had predeceased the decedent.
> (c) A named beneficiary of a . . . life insurance policy . . . who feloniously and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the . . . policy . . . and it becomes payable as though the killer had predeceased the decedent.

Considering the above evidence as we must, we find there is

some evidence the appellant conspired to kill Raleigh Wilson. Accordingly, we find no error in the denial of appellant's directed verdict motion.[2]

Appellant next contends the trial judge erred in charging the jury on the common law principle that one should not profit by one's own wrong in addition to a charge on S.C. Code Ann. § 62-2-803 (1987). This issue is not preserved for appeal. Neither the judge's charge nor any objection thereto is contained in the record. The burden is on the appellant to furnish a sufficient record on appeal from which this court can make an intelligent review. *Windham v. Honeycutt*, 290 S.C. 60, 348 S.E. (2d( 185 (Ct. App. 1986).

Appellant also asserts the trial judge erred in declaring appellant's son, Chad Brown, to be a hostile witness and allowing respondent to examine him with leading questions and impeach him with a prior inconsistent statement. We disagree.

Rule 43(b)(2), SCRCP provides that "[a]ny unwilling or hostile witness may be interrogated by leading questions and may be impeached." The direct examination of appellant's son, as it developed, clearly showed him to be a hostile witness. The record shows Chad contradicted material statements previously made to police officers. The fact that respondent had a copy of Chad's statement to police available does not preclude a finding of both surprise and prejudice to respondent. Accordingly, we find no error.

Appellant contends the trial judge erred in admitting testimony as to the identity of the heirs of Raleigh Wilson's estate. We disagree. This action was defended by Raleigh's father on behalf of Raleigh's heirs, a daughter and son from a previous marriage. We fail to see how the mere identification of his children as heirs has prejudiced the appellant. *See Cartee v. Cartee*, 295 S.C. 103, 366 S.E. (2) 269 (Ct. App. 1988) (appellant bears the burden of showing both error and prejudice).

Appellant further asserts the trial judge erred in excluding proffered testimony on her "state of mind" at the time of her husband's death. She contends the ex-

---

[2] Although the record indicates appellant made posttrial motions, the motions themselves are not contained in the record.

cluded evidence tended to explain her reaction to the news of Raleigh's death and it was relevant to her alleged intent to kill her husband. We disagree.

Appellant sought to testify, upon learning of Raleigh's death, her first thought was that he had been killed in a drug deal gone awry. We fail to see the relevance of this evidence. Further, in order to constitute grounds for reversal, the erroneous exclusion of evidence by the court must be shown to be prejudicial. *Triple "F", Inc. v. Gerrard*, 298 S.C. 44, 378 S.E. (2d) 67 (Ct. App. 1989). The appellant denied any knowledge or participation in her husband's death. Her initial thoughts on why Raleigh was killed would not further this defense.

Finally, appellant contends the trial judge erred in admitting evidence of Tara's statement to Chad regarding Tara's desire to burn the house down. We disagree. The record reveals that appellant herself first introduced this evidence at trial during her direction examination.[3] Further, the admission and exclusion of evidence rests within the sound discretion of the trial judge and his decision will not be disturbed on appeal absent a clear showing of an abuse of discretion, the commission of legal error in its exercise, and prejudice to the appellant. *Blackwell v. Paccar, Inc.*, 302 S.C. 294, 395 S.E. (2d) 736 (Ct. App. 1990). We find no abuse of that discretion.

The appellant's remaining argument regarding the entrance of emergency medical technicians into the jury room for treatment of a juror is manifestly without merit. *See* Rule 220(b)(2), SCACR.

For the foregoing reasons, the order below is affirmed.

Affirmed.

BELL and CONNOR, JJ., concur.

---

[3] Although appellant contends in her brief that the trial judge made a pretrial ruling that this evidence was admissible and she was therefore forced to raise the issue on direct examination, the record contains no evidence of a pre-trial hearing, the arguments to the judge, or his ruling. Motions in limine are not final determinations of whether evidence will be admitted at trial and if a motion in limine to exclude evidence is denied, a party must renew its objection when the evidence is presented during trial. *Parr v. Gaines*, — S.C. —, 424 S.E. (2d) 515 (Ct. App. 1992). In this case, not only was there no objection to the evidence, the evidence as presented by appellant herself.