24305

Joan WILSON, Petitioner v. Stewart WILSON, Personal
Representative of the Estate of Raleigh Wilson, Deceased, Respondent.

(461 S.E. (2d) 816)

Supreme Court

*Harold R. Lowery, Richard E. Thompson, Jr.,* and *Scott D. Robinson,* all of *Lowery, Thompson & King,* Anderson, *for petitioner.*

*Jack F. McIntosh* of *McIntosh & Sherard,* Anderson, *for respondent.*

Heard Nov. 2, 1994.

Decided Aug. 28, 1995.

FINNEY, Justice:

We granted certiorari to review the Court of Appeals opinion in this declaratory judgment action. We reverse.

Petitioner Joan Wilson commenced this action seeking a declaratory judgment that she was entitled as named beneficiary to receive the proceeds from her deceased husband's life insurance policies and to participate in the distribution of his estate. Petitioner's daughter, Tara Jones, shot and killed the insured. Tara was convicted of voluntary manslaughter and petitioner's son, Chad Brown, was convicted of conspiracy. Petitioner was also tried in criminal action for the death of the insured but was granted a directed verdict in her favor.

In this subsequent civil action, the jury found the petitioner feloniously and intentionally killed her husband. Petitioner appealed. The Court of Appeals affirmed in *Wilson v. Wilson,* 312 S.C. 172, 439 S.E. (2d) 323 (Ct. App. 1993). We granted certiori to review the Court of Appeals' decision.

The Court of Appeals viewed the evidence and all reasonable inferences in the light most favorable to the prevailing party and found there was some evidence petitioner conspired to kill her husband. The Court of Appeals ruled the trial judge did not err in denying petitioner's directed verdict motion and finding she was prohibited from recovering the insurance proceeds.

Petitioner asserts the trial judge erred in failing to direct a verdict in her favor and in failing to set aside the verdict since there was no evidence she intentionally and feloniously killer her husband in contravention of S.C.

Code Ann. § 62-2-803 (1987). Section 62-2-803 provides in pertinent part as follows:

> (a) A surviving spouse . . . who feloniously and intentionally kills the decedent is not entitled to any benefits under the will or under this article, and the estate of decedent passes as if the killer had predeceased the decedent. Property appointed by the will of the decedent to or for the benefit of the killer passes as if the killer had predeceased the decedent. . . . (c) A named beneficiary of a . . . life insurance policy . . . who feloniously and intentionally kills . . . the person upon whose life the policy is issued is not entitled to any benefit under the . . . policy . . . and it becomes payable as though the killer had predeceased the decedent.

Petitioner asserts there was no evidence she affirmatively acted to kill her husband and the plain language of the statute requires evidence to establish she killed the insured. Further, she contends there was no evidence she commiteted any offense in connection with the insured's death. Petitioner asserts the Court of Appeals erred in concluding conspiracy is covered by § 62-2-803 and in finding there was evidence she conspired to kill the insured.

Viewing the plain language of the statute, the beneficiary would be barred in instances where it has been found the beneficiary feloniously and intentionally killed the insured. The plain interpretation of the language means the actual killer is barred from collecting the proceeds. Heretofore South Carolina cases interpreting the predecessor statute have dealt with case where the beneficiary actually killed the insured. *Fowler v. Fowler,* 242 S.C. 252, 130 S.E. (2d) 568 (1963); *Legette v. Smith,* 226 S.C. 403, 85 S.E. (2d) 576 (1955); *Keels v. Atlantic Coast Line R.R.,* 159 S.C. 520, 157 S.E. 834 (1931); *Smith v. Todd,* 155 S.C. 323, 152 S.E. 506 (1930). Both parties concede petitioner was not the actual killer. The question then is whether the statute is broad enough to cover conspiracy and, if so, is there evidence petitioner was a conspirator.

The Reporter's Comment to Section 62-2-803 states the section is "meant to encompass not only the intended unlawful killing cases covered by the predecessor statute but also cases left to the common law maxim 'one should not profit from

their (sic) own wrong.'" While conspiracy could be sufficient to invoke the statute, the elements of criminal conspiracy[1] were not established in this instance to support a finding that petitioner feloniously and intentionally killed the insured.

■ The trial judge erred in submitting the issue to the jury because there was no evidence petitioner feloniously and intentionally killed her husband. The evidence presented was petitioner was told by her son the Tara was going to burn the house down with the implication she intended to kill the insured. There was no evidence of an agreement between the mother and daughter to kill the deceased. The gravamen of the offense of conspiracy is the agreement or combination. *State v. Dasher,* 278 S.C. 454, 298 S.E. (2d) 215 (1982). Prior knowledge that a crime is going to be committed, without more, is not sufficient to make a person guilty of the crime. *State v. Collins,* 266 S.C. 566, 225 S.E. (2d) 189 (1976).

Accordingly, we reverse the denial of petitioner's directed verdict motion. We need not address petitioner's remaining issues.

Reversed.

CHANDLER, C.J., and TOAL, MOORE and WALLER, JJ., concur.

---

[1] Elements of conspiracy:

1. combination between two or more persons
2. for the purpose of accomplishing
   (a) a criminal or unlawful object or
   (b) an object neither criminal nor unlawful by criminal or unlawful means.

S.C. Code Ann. § 16-17-410 (1985).