611 S.E.2d 271

**Lloyd PINION, by Amanda MONTAGUE, as Personal Representative for Estate of Lloyd Pinion and Helen Pinion, Respondents,**

v.

**Edie J. PINION, Appellant.**

No. 3944.

Court of Appeals of South Carolina.

Heard Jan. 12, 2005.

Decided Feb. 7, 2005.

Rehearing Denied April 22, 2005.

Michael Anthony Andrews, of Easley, for appellant.

Perry Hudson Gravely, of Pickens, for respondents.

STILWELL, J.:

South Carolina Code section 62–2–803 prevents a person who feloniously and intentionally kills another from benefiting from the death, from either the deceased's estate or contractual arrangements the deceased had, such as life insurance. S.C.Code Ann. § 62–2–803 (1987). Our supreme court has previously held the statute is broad enough to cover conspiracy such that a conspirator would be barred from benefiting from the death. *Wilson v. Wilson,* 319 S.C. 370, 372–73, 461 S.E.2d 816, 817 (1995). In this case brought under section 62–2–803, the sole issue presented is whether the trial court correctly refused to charge the jury that proof of an overt act was required to prove the alleged conspiracy. We affirm the trial court's refusal to so instruct the jury.

## BACKGROUND

Following their son's murder, Lloyd and Helen Pinion brought this action against their son's widow, Edie Pinion, to prevent her from benefiting from his death. Based on a jury's finding that Edie had conspired with another person to feloniously and intentionally kill her husband,[1] the court ordered she could not be an heir or beneficiary from or through his estate and was not entitled to collect his life insurance proceeds, retirement benefits, or similar contractual payments.

## DISCUSSION

A criminal conspiracy is the combination of two or more persons "for the purpose of accomplishing an unlawful object or lawful object by unlawful means." S.C.Code Ann. § 16–17–410 (2003). "It may be proven by the specific overt acts done in furtherance of the conspiracy but the crime is the agreement." *State v. Buckmon,* 347 S.C. 316, 323, 555 S.E.2d 402, 405 (2001). Under South Carolina law, criminal conspiracy does not require overt acts. *State v. Wilson,* 315 S.C. 289, 294, 433 S.E.2d 864, 867–68 (1993). A civil conspiracy is the combination of two or more persons to injure a plaintiff and cause him special injuries thereby. In contrast with a criminal conspiracy, a civil conspiracy is actionable only if overt acts

---

1.  Edie's son, Matt Baum, was convicted of the murder.

pursuant to the conspiracy proximately cause damage to the plaintiff. *Future Group, II v. Nationsbank*, 324 S.C. 89, 100, 478 S.E.2d 45, 50–51 (1996). Edie sought a jury charge based on the law of civil conspiracy. However, section 62–2–803, although not itself a criminal statute, applies only to situations where the deceased was intentionally and feloniously killed, which is a crime. Thus, it follows any conspiracy triggering this statute would also be criminal, rather than civil. Our conclusion is supported by *Wilson v. Wilson*, the case in which our supreme court held the statute was broad enough to cover conspiracy. In that case, the court held "[w]hile conspiracy could be sufficient to invoke the statute, the elements of *criminal conspiracy* were not established in this instance to support a finding that petitioner feloniously and intentionally killed the insured." *Wilson*, 319 S.C. at 373, 461 S.E.2d at 817 (emphasis added and footnote listing the elements of criminal conspiracy omitted). This clearly shows our supreme court concluded any conspiracy triggering the application of this statute would be criminal.

Nevertheless, Edie contends because this is a civil action with a civil burden of proof, the civil rather than criminal definition of conspiracy should apply. Subsection (e) of section 62–2–803 provides a conviction for felonious and intentional killing is conclusive proof under the statute. In the absence of a conviction, subsection (e) states the civil "preponderance of evidence" standard applies. However, use of a civil burden of proof does not negate the fact the triggering event is the criminal act of a "felonious and intentional killing."

Because an overt act is not required to establish criminal conspiracy, and the statute applies to one who criminally conspires to commit a felonious and intentional killing, the trial court properly refused to instruct the jury that an overt act was required in this case.

**AFFIRMED.**

ANDERSON and SHORT, JJ., concur.