### 9553

#### RISH v. SEABOARD AIR LINE RY.

(90 S. E. 704.)

DEATH—BENEFICIARIES—RIGHT OF ACTION—RELEASE.—Under the statute giving an action for death by wrongful act where none existed before, and limiting the right of recovery to those cases in which the party injured would have been entitled to recover if death had not ensued, the beneficiary of a decedent who had released the defendant could not recover.

---

FOOTNOTE.—As to effect of release by deceased on beneficiary's right to recover for death by wrongful act, see 34 L. R. A. 790, 35 L. R. A. 196, 50 L. R. A. 694,— L. R. A. 1915e, 1170, 1 A. & E. Ann. Cas. 232, 70 Am. St. Rep. 666, 34 A. & E. Ann. Cas. 1914d, 498.

Before MOORE, J., Lexington, February, 1916. Affirmed.

Action by Mrs. Minnie Arthur Rish, administratrix of the estate of Henry V. Rish, deceased, against the Seaboard Air Line Railway. Judgment for defendant, overruling plaintiff's demurrer to the defense, and plaintiff appeals.

*Messrs. John D. Lee* and *E. J. Best,* for appellant, ask the Court to review 33 S. C. 556; and cite: 97 S. C. 27; 101 S. C. 399; Civil Code, 1912, secs. 3955, 3956, 3963; 60 S. C. 401; 24 Stats. 945; 65 Atl. 49; 8 L. R. A. (N. S.) 384; 102 Wis. 137; 44 L. R. A. 579; 77 Ohio St. 395; 14 L. R. A. (N. S.) 893; 38 Vt. 294; 58 N. W. 1120, 1124; 102 S. C. 515; 66 S. C. 47. *As to effect of release:* 34 Cyc. 1042; 9 Cyc. 240.

*Mr. J. B. S. Lyles,* for respondent, cites: 37 S. C. 42; 38 S. C. 199; 53 S. C. 448, 459; 55 S. C. 152, 159; 60 S. C. 401, 412, 413; 66 S. C. 47, 51; 93 S. C. 372, 375.

November 10, 1916.

The opinion of the Court was delivered by Mr. JUSTICE FRASER.

This is an action by the administratrix, in favor of the beneficiaries under the statute, for death by the wrongful act. Code 1912, secs. 3955-3958. The defendant pleaded a release executed by the deceased in his lifetime, as a bar to recovery. The plaintiff demurred to the defense. The Circuit Judge, Ernest Moore, overruled the demurrer under the case of *Price* v. *Railroad Company,* 33 S. C. 556, 12 S. E. 413, 26 Am. St. Rep. 700. Unless the Price case is overruled, the order appealed from must be affirmed. We see no reason to overrule the Price case. The Price case is correct.

The statute gives a right of action where none existed before, and limited the right of recovery to those cases in which the party injured would have been entitled to recover. if death had not ensued.    In this case the deceased could not have recovered, because he had. released the defendant. Therefore the beneficiaries under the statute cannot recover. The legislature has twice amended the statute since the Price case was decided; and, if it had intended the law to be different, it would, no doubt, have so amended the statute as to make its intention clear.    Of course, no ruling is made as to the validity of the release as that question has not been raised. .

The order overruling the demurrer is affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE HYDRICK concur in the opinion of the Court.

MR. JUSTICE GAGE, *dissenting.*    The appeal is by the plaintiff from an order of the Circuit Court.    The plaintiff demurred to a defense pleaded in bar; and the Court overruled the demurrer and sustained the defense.    The pleadings allege that one Henry V. Rish, husband of the plaintiff and father of their three infant children, were a passenger on a Seaboard train which went into a head-on collision with another Seaboard train on October 19, 1913; that Henry V. Rish was injured in his body thereby; that three days thereafter the company paid him $25, and took from him a formal release from all further liability; that Rish died thereafter as the result of the injuries to him, but the date of his death is not alleged, and does not appear in the case.    The Circuit Court, in effect, held that the release referred.to was a bar to the present action brought by the widow under Lord Campbell's Act, and that is the single issue to be now reviewed.

The Court very properly rested its opinion on the Price case found in 33 S. C. 556, 12 S. E. 413, 26 Am. St. Rep. 700, and decided in 1890. It is conceded that if the Price case is followed, then the order below must be affirmed; if it be overruled, then the order below must be reversed. The Price case was decided in 1890, and it is on all fours with the case at bar. Since 1890, our reports contain no other case reaffirming the issue decided in the Price case. There are a half dozen or more cases reported since 1890 which make reference to the Price case; but in none of them was the issue made and decided that if a person be killed by the negligence of a carrier, then his administrator may not maintain an action for the death, if before death the person released the carrier from all further liability. The respondent cites five cases, decided since 1890, as affirmations of the Price case. They are *Reed* v. *Railroad,* 37 S. C. 42, 16 S. E. 289, decided in 1891; *Garrick* v. *Railroad,* 53 S. C. 448, 31 S. E. 334, 69 Am. St. Rep. 874, decided in 1898; *Johnson* v. *Railroad,* 55 S. C. 152, 32 S. E. 2, 33 S. E. 174, 44 L. R. A. 645, decided in 1898; *Watson* v. *Railroad,* 66 S. C. 47, 44 S. E. 375, decided in 1902; *Berger* v. *Railroad,* 93 S. C. 372, 76 S. E. 1096, decided in 1912. In the Reed case the Court decided that though the injured person died instantly, action by the administrator would lie. In the Garrick case the Court decided that an administrator, suing under Lord Campbell's Act, could not recover punitive damages. In the Johnson case the Court decided that the injured plaintiff, who had accepted full compensation from a relief fund, could not repudiate his act and sue for further compensation. In the Watson case the Court decided that the administrator of an infant killed by negligence of a railroad company might sue for the killing of a child, if the child living might have maintained an action for damages to the person, and that, though a stranger, custodian of the child was guilty of negligence in taking the child in a place of peril. In the

Berger case the Court decided that the negligence of the infant's custodian would defeat the parent's action for damages to the parent resulting from loss of service. So that the issue now made has never been decided by this Court save in the single case of Price against the railway. When the cases of Price, Reed, Garrick, and Johnson were decided, it had not been held that the action which Lord Campbell's statute gave to the beneficiaries of a person killed by negligence was independent of the action which the killed person might have maintained had he survived the accident. That was first decided in Mayo's case in 1900, reported in 60 S. C. 401, 38 S. E. 634, 54 L. R. A. 660. It was suggested, but not decided, in Price's case that the action which Lord Campbell's statute gave was not new, but a renewal of that which first arose in the injured person.

It is true that when the act of 1859 (Lord Campbell) gave the action, it may also have limited it; and, had that act declared that a release by the injured person in his lifetime would bar the action after the death by a beneficiary, then that would have concluded the beneficiary. But since it is now well settled that the wrong to the injured person living is one thing and the wrong to his dependents, he being dead, is another thing, the remedy for the last may not be defeated except by plain words or necessary implication. Lord Campbell's statute as re-enacted by this State (section 3955, *et seq.,* Code) has three essential and distinct features, to wit: (1) The grant of a cause of action where none exists before section 3955; (2) the designation of beneficiaries of that cause of action, section 3956; and (3) the limitation upon that cause of action, section 3958.

It is true the words of the first section referred to do give the action "whenever * * * the default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages," etc. But that plainly means that the beneficiary shall have no suit unless

the "act of another" was, at the outstart, wrongful to the "person." Until the statute, it was settled what acts to the person were wrongful, but not whether the remedy would persist. The statute provided that when those acts were wrongful in law, and the person against whom they were done should suffer death by them, yet nevertheless the right of action should not lie, but should persist. The injured person, in the very nature of the case, could not be compensated for his own death; but only for injuries to his life. In the event of his death the beneficiaries might sue if the "act of another" was the cause of the injury and death, and, therefore, had created a cause of action. The first feature of the statute, therefore, was dealing with a cause of action, which is the legal wrong of one person to another person; it was dealing with the wrong, and not with the reparation of a wrong; with an action, and not with limitations upon it or defenses to it. The third feature of the statute confirms this interpretation. It expressly declares that the right of action given by the first feature "shall not apply to any case where the person injured has, for such injury, brought action, which has proceeded to trial and final judgment before his or her death." That is equivalent to saying, it shall apply to all other cases. The third feature, which is section 3958, was not in the English statute. If it shall be necessary to inquire why a right may be concluded by a trial and judgment, and not by compromise and settlement, the instant case suggests an answer. A trial is:

"The examination before a competent tribunal according to the law of the land, of the facts or law put in issue in a cause, for the purpose of determining such cause." Black's Law Dictionary.

Bouvier defines a trial to be:

"The examination before a competent tribunal, according to the laws of the land, of the facts put in issue in a cause, for the purpose of determining such issue."

The trial involves publicity; the Courts are public, and must be. The deceased in the instant case was entitled in his lifetime to have a trial in open Court of how seriously if at all he was injured by the fault of the defendant; and the verdict of a jury and the judgment of a Court are alone made conclusive of those issues. That has not been had; but, in the place of it, there is offered a receipt by the deceased for $25, given three days after the injury, and a release of the wrongdoer from all further liability. A settlement under such circumstances offers the gravest opportunity and temptation for overreaching, and it was to prevent such a consummation that the statute was made. If a friendly compromise was desired—and it ought generally to be—the Courts were open for a public inquiry about the issues involved, and a final judgment upon them. We are, therefore, clearly of the opinion that *Price* v. *Railroad* is not a right interpretation of the statute; and the only other issue is, ought it to be overruled or ought it to be followed? As before stated the issue decided in that case has not been hitherto followed here, though the case has been cited to illustrate and explain issues nearly akin to it. The decision lays down no rule of property. It does not announce a rule of procedure. It does not affect the liberty of the citizen. There is no possibility that a contrary interpretation of the statute will affect settlements which may be made after the decision of the instant case. A serious wrong would be done to persons, in transactions hereafter to arise, to give to the statute a manifestly wrong interpretation. It is true that Price's case was decided 25 years ago, and the lawmaking power has not, in the following period, altered our interpretation of its statute. But the force and effect of that decision was largely dissipated by a subsequent decision in the same cause, which permitted the plaintiff to show that the release was invalid. 38 S. C. 199, 17 S. E. 732. It is better for the Court to change its former interpretation of a

statute than for the lawmaking power to do so. A decision contrary to that in Price's case can only affect the instant case, and those cases within the statutory limit prescribed in section 3957.

Applying the rules laid down in *State* v. *Aiken,* 42 S. C. 228, 20 S. E. 221, 26 L. R. A. 345, I am of the opinion that *Price* v. *Railroad* ought to be overruled, and that the judgment below ought to be reversed.

Mr. Justice Watts concurs in the dissenting opinion announced by Mr. Justice Gage.