12933

LUCAS v. SOUTHERN RAILWAY CO.

(153 S. E., 568)

530

532

534

*Messrs. Martin & Sturkie* and *Buford Jackson,* for appellant,

*Messrs. Frank G. Tompkins* and *George B. Cromer,* for respondent,

June 6, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action for damages for an alleged fraudulent breach of contract. It appears from the record that on August 12, 1924, the plaintiff's husband, one J. O. B. Lucas, while riding in a Ford automobile, was killed in a collision with one of defendant's freight trains at a public road crossing near Pelion, in Lexington County. Lucas left of force a will in which the plaintiff was named as executrix. She qualified as such and, after having administered the estate, was duly discharged. Thereafter, on April 30, 1928, she was appointed administratrix *de bonis non, cum testamento annexo* of the estate of her deceased husband, and as such administratrix she then brought this action for the exclusive benefit of herself, as the widow of Lucas, no child or children having been born to them.

The complaint alleges that on September 29, 1924, a few weeks after the death of Lucas, the defendant, through its authorized agent, made with the plaintiff a contract in writing to pay her the sum of $5,000.00 in full settlement for the wrongful death of her husband; that the agent thereafter told her that he had spoiled the written contract; that he then, acting within the scope of his authority, by false statements and fraudulent representations, caused her to sign another contract providing for the payment of only $2,000.-00; and that the railroad company took advantage of her weak mental and physical condition, which was known to it, and imposed upon her, for the purpose of cheating and defrauding her out of $3,000.00. She asked judgment for that amount.

The defendant, answering, set up a release, which had been executed by the plaintiff on October 10th, 1924, for a paid consideration of $2,000.00 as a bar to the action, and pleaded further that no part of the release money had been returned or tendered back to the company.

The case was tried in the Court of Common Pleas for Lexington County March 25, 1929, before Judge W. H. Townsend and a jury. At the close of all of the testimony the Court directed a virdict for the defendant on the ground (1) that there was no completed contract in writing between the plaintiff and the company to pay her the sum of $5,000.-00, as alleged in the complaint; and (2) that there was no evidence to take the case to the jury upon the issue that Mrs. Lucas was induced by fraud on the part of the defendant to accept $2,000.00 and to execute the release of October 10th, 1924.

The questions involved in plaintiff's appeal are covered by and are properly disposed of by Judge Townsend's order, which will be reported. We are satisfied, from a very careful examination of the record, that the defendant was entitled to a directed verdict on the grounds named.

The judgment of the Court below is affirmed.

Mr. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.