18830

Helen C. McInerney McMANUS, Respondent, v. Thelma A. LITTLE, Appellant

(163 S. E. (2d) 613)

*Messrs. Moore, Mouzon & McGee,* of Charleston, *for Appellant,*

*Messrs. G. M. Howe, Jr.* and *Arthur G. Howe,* of Charleston, *for Respondent,*

*Messrs. Moore, Mouzon & McGee,* of Charleston, *for Appellant,* in Reply.

October 1, 1968.

Moss, Chief Justice.

Helen C. McInerney McManus, the respondent herein, was operating her automobile on September 22, 1961, over and along a street in the City of Charleston, at which time she was involved in a collision with an automobile operated by Thelma A. Little, the appellant herein. The respondent asserts that her injuries and damages to her person and automobile were due to the negligence, carelessness, recklessness, willfulness and wantonness of the appellant in the operation of her said automobile. The appellant was insured under a liability policy of Guaranty Insurance Exchange which was placed in receivership on September 4, 1962. The appellant concedes that when her insurance carrier was placed in receivership that she became an uninsured motorist. *North River Insurance Company v. Gibson,* 244 S. C. 393, 137 S. E. (2d) 264.

The respondent instituted this action on January 8, 1966, in which she seeks to recover damages for her personal injuries and property loss. A copy of the summons and complaint was served upon the Chief Insurance Commissioner as statutory agent of Nationwide Insurance Company, it having liability insurance upon the automobile of the respondent, and such policy contained an uninsured motorist provision. A copy of the said summons and complaint was also forwarded to the attorneys in Charleston who represented Nationwide.

The local attorneys for Nationwide filed an answer in behalf of the appellant and such consisted of a general denial, and as an affirmative defense alleged that by an instrument in writing executed and delivered on March 10, 1963, the respondent for valuable consideration did release and

discharge the appellant and all persons, firms and corporations, from all claims, demands and causes of action against the said appellant arising as a result of the automobile collision referred to in the complaint. A copy of the release was annexed and made a part of the answer.

The release recited that the respondent claimed to have a cause of action against the appellant for damages arising out of an automobile collision which occurred on September 22, 1961, and that the appellant had a policy of liability insurance with Guaranty Insurance Exchange. It was further recited that this insurance company is now in receivership and William F. Austin, the Chief Insurance Commissioner, was the receiver thereof. The release recited that "for the sole consideration of the agreement of Hon. William F. Austin, Chief Insurance Commissioner of South Carolina, to recommend to the Court of Common Pleas of Richland County, South Carolina, the Court in which the Receivership Proceeding is pending, that my claim against Thelma A. Little be recognized as a claim against the Receivership Estate, by reason of the aforesaid policy of liability insurance, in the amount of Nine Thousand and No/100 ($9,000.00) Dollars," the respondent did release and discharge Thelma A. Little, the appellant, from all claims arising from the aforesaid automobile collision. It was further recited that the respondent's claim against Guaranty Insurance Exchange or William F. Austin, as receiver thereof, should be limited to the amount set forth in said release and that the respondent would only be paid *pro rata* out of the receivership estate.

The respondent moved for an order striking as sham and irrelevant the affirmative defense alleged in the answer. The said motion was based upon pleadings, certain affidavits and exhibits which appear in the record. The lower court granted the motion to strike and this appeal followed.

It appears that after the appellant's insurance carrier was placed in receivership on September 4, 1962, the respondent filed a proof of loss with the receiver and as required by the said receiver executed in furtherance of the proof of loss the

release to which we have heretofore referred. The respondent received no actual consideration for said release and the release was conditioned solely upon the receiver recommending to the Court of Common Pleas for Richland County, the court in which the receivership was pending, that the claim of the respondent against the appellant be recognized in the amount of $9,000.00. It thus appears that the offer of settlement made by the respondent was not an absolute one but was conditioned upon the receiver making the recommendation heretofore stated. Before the receiver had made any recommendation or presented the claim of the respondent for approval, counsel for her notified the attorneys for the receiver that his client intended to pursue her claim against her own carrier, Nationwide Insurance Company, on the ground that the appellant was an uninsured motorist. It thus appears that the condition upon which the offer of the respondent depended had not been completed at this time.

The question to be decided in this appeal is whether, under the facts here, the notice given by respondent's counsel to the attorneys for the receiver that she intended to pursue her remedy under the uninsured motorist clause of her policy and under the Uninsured Motorist Act, which was given prior to the performance by the receiver of his agreement as set forth in the signed release, had the effect of preventing such release from becoming operative and binding on the respondent.

The purported release was nothing more than an executory agreement. In order for the release to amount to a bar of respondent's action against the appellant it was necessary for the receiver to recommend to the Court of Common Pleas approval of her claim against the assets of the estate of the insolvent insurance company. Until he did this, the purported release was revocable by the respondent. When the respondent elected to proceed under the uninsured motorist clause of her policy and under the Uninsured Motorist Act, such revoked the proposal that she had made as a basis for settlement with the receiver. An

executory accord is an agreement embodying a promise to accept at some future time a stipulated performance in satisfaction of a present claim or obligation and a corresponding promise to render such performance in satisfaction of such claim or obligation. When the executory contract is fully performed, as agreed, there is an accord and satisfaction and the previous existing claim is discharged. The original liability is not discharged by an executory accord, and, as long as the accord is executory, it is revocable at will by either party. To amount to a bar, the accord must be fully performed. *State ex rel. Bayer v. Funk,* 105 Or. 146, 199 P. 592, 209 P. 113, 25 A. L. R. 625; *American Broadcasting —Paramount Theatres, Inc. v. American Mfrs. Mut. Ins. Co.,* 48 Misc. (2d) 397, 265 N. Y. S. (2d) 76; *DeVilliers v. Atlas Corporation,* 10 Cir., 360 F. (2d) 292. The purported release or agreement amounted to no more than an uncompleted attempt to reach a settlement which was never finalized. *Lucas v. Southern Ry. Co.,* 156 S. C. 529, 153 S. E. 568.

We think the lower court was correct in striking the affirmative defense asserted by the appellant. However, while holding the release was no bar to the present action, the court attempted to reserve to the appellant the right to assert the release in the event the respondent secured judgment in excess of the coverage provided under the policy of the appellant. Our holding is that the purported release was never effective and, therefore, there was no such right to be reserved to the appellant. In the event the respondent is successful in collecting from Nationwide upon a judgment secured against the appellant under the uninsured motorist clause of her policy, Nationwide would be entitled to subrogation against the uninsured motorist and the receiver of Guaranty Insurance Exchange. This right is reserved to Nationwide by Section 46-750.17 of the 1962 Code and also Section 46-750.36 of the 1967 Cumulative Supplement to the Code.

The judgment of the lower court is affirmed except as is hereinbefore modified.

LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.

BRAILSFORD, J., did not participate.