19245

Mary M. WALLACE, as Administratrix of the Estate of James M. Wallace, Appellant, v. NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent.

(182 S. E. (2d) 84)

*S. Norwood Gasque, Esq.,* of Latta, *for Appellant,* ▮

*C. Dexter Powers, Esq., Wright, Scott, Blackwell & Powers,* of Florence, *for Respondent,*

June 17, 1971.

BRAILSFORD, Justice.

As I read the circuit order, which Justice Littlejohn proposes to adopt as the opinion of this Court, it limits plaintiff's recovery in this contract action against her intestate's insurance carrier to $1,500.00, on the theory that this result is required by the decision of this Court in *Price v. Richmond & Danville R. R.,* 33 S. C. 556, 12 S. E. 413 (1890), followed in *Rish v. Seaboard Air Line Ry.,* 106 S. C. 143, 90 S. E. 704 (1916).

The *Price* case was in tort for the wrongful death of the victim who, prior to his demise, had settled with the wrongdoer for his injury. The court denied recovery upon the ground that by the terms of the statute (Sec. 10-1951, Code

of 1962) the administratrix could only recover in those cases in which the injured party could have recovered if he had survived. Since the release would have barred recovery by the victim in his lifetime, the court held that the action for wrongful death did not lie. There is no reason here to debate the merits of this decision.

In this case, plaintiff has already recovered judgment against the wrongdoer for the death of her intestate. Quite clearly, the tort-feasor, who had made no settlement with the injured party, could not have defended the action on the rationale of the *Price* case. I am at a loss to perceive how the insurance company, against which no rights need be, nor are, asserted under the wrongful death statute, can do so.

On this record, plaintiff is entitled to recover to the full extent of defendant's contractual obligation to pay unless the defendant, by contract with the intestate, has been absolved of liability in excess of $1,500.00. The written promise of the intestate, upon which the defendant relies as a release, is no more than a conditional agreement to settle for $1,500.00 his claim under the uninsured motorist clause of his policy for "property damage and bodily injury." I cannot illuminate by argument what the words of the instrument make plain—the agreement relied upon simply does not modify the carrier's obligation with respect to this claim, founded upon a judgment for damages for wrongful death, as to which the intestate contracted only by the insuring agremeent.

The foregoing opinion, written in dissent, having been concurred in by a majority, becomes the opinion of the Court. Accordingly, the judgment appealed from is reversed and the case remanded for further proceedings consistent herewith.

Reversed and remanded.

LEWIS and BUSSEY, JJ., concur.

LITTLEJOHN, Justice (dissenting):

This case is here on appeal by reason of exceptions taken to the order of the Honorable J. B. Ness, Presiding Judge of the Twelfth Judicial Circuit. We are satisfied that his order properly sets forth and disposes of all of the issues now presented to this Court. His order, which shall be printed as the directive of this Court, is as follows:

## "ORDER OF JUDGE NESS

"The above entitled case was heard by this Court, sitting as Judge and Jury, on the pleadings filed by the parties and certain Stipulations and agreed amendments to these Stipulations. From the admitted facts it appears that the plaintiff's intestate was injured in an automobile collision with an automobile operated by Calvin Lloyd and owned by Harry Smith, which automobile had just been purchased from a used car dealer. Harry Smith did not have automobile liability insurance coverage, and there existed a valid question as to whether the liability insurance of the used car dealer afforded any coverage to him. Plaintiff's intestate sued Lloyd, Smith and the dealer for damages for personal injuries and they failed to answer. Service was obtained upon the defendant here, the uninsured motorist carrier for plaintiff's intestate. The named defendants were in default when the case was called for trial and just prior to the trial, plaintiff's intestate entered into an agreement with his uninsured motorist carrier whereby plaintiff's intestate agreed that he would accept the sum of Fifteen Hundred Dollars ($1,500.00) from his uninsured motorist carrier for his bodily injuries and property damage sustained in the collision in the event that the used car dealer's liability carrier could not be held responsible for any verdict against the tortfeasors. Acting on this agreement and as consideration therefor, the attorney for the uninsured motorist carrier assisted plaintiff's intestate's attorney in securing a default judgment against all defendants, which default judgment was later set aside. Thereafter, plaintiff's intestate died as a

result of his original injuries, and plaintiff here brought an action against the same parties, in which action the attorney for plaintiff's intestate's uninsured motorist carrier, which carrier is the defendant herein, again assisted in securing a judgment against the owner and operator of the adverse automobile in the sum of Forty Thousand Dollars ($40,000.00). When it was determined that the used car dealer's liability carrier could not be held for the judgment against the tortfeasors, defendant offered to pay the Fifteen Hundred Dollars ($1,500.00) to plaintiff in keeping with the agreement made with the plaintiff's intestate. However, plaintiff would not accept the Fifteen Hundred Dollars ($1,-500.00) from the defendant, except as a partial payment on the Ten Thousand Dollars ($10,000.00) which the plaintiff claims the defendant owes under its uninsured motorist coverage for plaintiff's intestate's wrongful death.

"It seems to be agreed by the parties that had plaintiff's intestate survived, he would have been bound to have accepted Fifteen Hundred Dollars ($1,500.00) under the circumstances here involved, and the defendant would have been bound to have paid it. However, plaintiff contends that her intestate agreed to release defendant from claims for property damage and bodily injuries only and that the cause of action for wrongful death, upon which the second judgment was based, was not involved in the agrement with plaintiff's intestate and defendant. Plaintiff contends that it could not have been within the contemplation of the parties for her intestate and defendant to have reached the settlement agreement based on any anticipated cause of action for wrongful death.

"After a detailed review of the excellent briefs presented to me by the parties, I am convinced that plaintiff's intestate and defendant entered into an agreement which was binding on both parties under the facts here involved and that had plaintiff's intestate survived, and secured a judgment against the tortfeasors, he could have collected only Fifteen Hundred Dollars ($1,500.00) from the defendant when it was

determined that the used car dealer's liability carrier was not liable. In line with this determination, I have concluded that plaintiff has no cause of action against the defendant for an amount in excess of Fifteen Hundred Dollars ($1,500-.00), in accordance with the agreement with plaintiff's intestate and defendant, since our Supreme Court has held that the test of the right of an administrator to maintain an action for wrongful death is whether the deceased could have maintained an action for the injury causing the wrongful death had he survived. This legal principle was first established by the Supreme Court of South Carolina, in 1890 in the case of *Price v. Richmond and Danville Railroad Company,* 33 S. C. 556, 12 S. E. 413. Thereafter, in 1916, this same principle was upheld by a divided Court in *Rish v. Seaboard Airline Railway,* 106 S. C. 143, 90 S. E. 704, although on this case Justice Gage wrote a very strong and appealing dissenting opinion in which he took the position, as plaintiff does here, that a cause of action for wrongful death was entirely different from a personal injury claim which accrued before death and Justice Gage, along with Justice Watts, urged the Court to overrule the earlier *Price* case. However, the principle of the *Price* case, despite the cogent argument of Justice Gage in the *Rish* case, has stood the test of time, as the law of the *Price* case has been quoted with approval in several more recent cases, particularly the case of *Scott v. Greenville Pharmacy,* 212 S. C. 485, 48 S. E. (2d) 324, 326, and *Hall v. Murphy,* 236 S. C. 275, [257] 113 S. E. (2d) 790, 791.

"Plaintiff further contends that the agreement between her intestate and the defendant was an executory agreement and not binding on the parties, but I have concluded that when plaintiff here accepted the assistance of the attorney for the defendant in the trial of the action which resulted in the verdict out of which this case arises, this constituted sufficient consideration to bind plaintiff, since this caused the defendant to waive any defenses in its favor to the extent of its uninsured motorist coverage, as it would be

forever bound by the judgment which its attorney helped secure against the uninsured motorist. Furthermore, the defendant can reasonably argue that without the assistance and cooperation of its counsel in this action against the tortfeasors, a more limited recovery, or no recovery at all, might have been the result of said action. Based on the foregoing, it is

"Ordered, that the plaintiff, Mary M. Wallace, have judgment against the defendant, Nationwide Mutual Insurance Company, in the sum of Fifteen Hundred Dollars ($1,500.00)."

We think that the order of Judge Ness, printed above, is sufficient. Over and above the reasoning set forth in the order and the law relied upon, the judgment of the lower court should be affirmed on the basic law of contracts. The contract of insurance issued by Nationwide to James M. Wallace included an uninsured motorist clause. While Wallace was living he entered into a binding agreement with Nationwide to settle the contractual obligation. Had Wallace lived he could have collected only $1,500.00 because of the agreement he made. His estate should not be allowed to collect more than $1,500.00 under the contract because Wallace settled Nationwide's obligation prior to his death on that basis. The fact that Wallace died did not revitalize the contract.

We are not at all sure that the contentions set forth in appellant's Exception 4 were before the lower court. Issues not raised in the lower court will not be treated by this court on appeal. The contention (Exception 4) that the agreement was the result of a mutual mistake, and that it would be an injustice to enforce the contract, is but another way of attacking the ruling in the case of *Price, supra,* followed by the trial judge in his order. There is certainly nothing in the record factually to warrant a finding of mutual mistake.

In the case of *Libera v. Whittaker, Clark & Daniels, Inc.,* 20 N. J. Super. 292, 89 A. (2d) 734 (1952), the court held

that where there is a binding agreement to settle a personal injury claim, the fact that the money had not actually been paid prior to the death of the claimant would not affect the validity of the agreement. The court said:

"At the time of his death he had done all he could do to release the defendant from liability and at that time there existed a binding and enforceable obligation against the defendant to pay the promised sum."

In the case before us the defendant was bound to pay. At the time of Mr. Wallace's death the defendant had (1) foregone its right to defend and possibly win the case; (2) assisted in procuring the first judgment for personal injuries in the amount of $17,000.00, which was set aside; (3) assisted in procuring the second judgment (for wrongful death) in the amount of $40,000.00, to which judgment contribution is now sought; and now has tendered at an appropriate time the amount agreed upon. Under the circumstances the release was binding.

The case of *McManus v. Little*, 251 S. C. 490, 163 S. E. (2d) 613 (1968), argued by appellant's counsel, presents a different state of facts. In that case at the time the release was repudiated neither party had changed its position. The case is not applicable.

Permission was requested and granted by this court, under our rule, to argue against the case of *Price, supra;* this court was asked to overrule the same. After consideration of the argument of counsel, we conclude that the case should not be overruled.

Moss, C. J., concurs.