THE LOCAL BOARD OF HEALTH OF THE TOWNSHIP OF WEST DEPTFORD v. SILAS EASTLACK, PROSECUTOR.

Argued June 3, 1902—Decided November 10, 1902.

1. Where a nuisance originates from the use of the premises by a tenant in possession, an owner, who is without right of re-entry during the term, cannot be charged with its maintenance.

2. A board of health cannot give to such owner a right of re-entry that will make him chargeable with maintaining the nuisance created by the tenant.

On *certiorari.*

Before Justices GARRISON and COLLINS.

For the prosecutor, *Austin H. Swackhamer.*

For the defendant, *David O. Watkins.*

The opinion of the court was delivered by

GARRISON, J.   The prosecutor was convicted of the violation of an ordinance or "health code" of the defendant, to wit, of maintaining a cesspool that was a nuisance.   The justice of the peace who tried the suit has returned, in response to a rule upon him, the facts found by him at the trial.   He found that the prosecutor was the owner of the premises on which the cesspool stood, which were in the possession of a tenant under a lease by which the "prosecutor reserved no right or privilege of entry on said premises during the said term, except the right to call and carry away some goods that he had left thereon."   No nuisance existed on the premises until a case of small-pox broke out in a member of the tenant's family, whose excretions were emptied into the cesspool, by the direction of the defendant board of health, who also had a watchman on the premises, and authorized the prosecutor to come upon the same to clean out the closet.

Having found these facts, the justice should have given judgment for the prosecutor.   Where a nuisance originates from the use of premises by a tenant in possession, an owner, who is without right of re-entry, cannot be charged with its maintenance.   The board of health was entirely without power to abrogate this legal rule by authorizing the prosecutor to come and clean out the closet.

The judgment is set aside, with costs.