BEATRICE GOLDSTEIN, PLAINTIFF-RESPONDENT, v. HARRY GOLDSTEIN, DEFENDANT-APPELLANT.

Decided August 10. 1926.

Negligence—Motor Vehicle—Daughter, of Age, Living at Home, Earning Wages, Brings Suit Against Her Father for Negligence in Running Automobile—Emancipation at Majority Does Not Result Ipso Facto—It is a Question of Fact and Properly Submitted to Jury—Judgment for Plaintiff Sustained.

On appeal from a judgment of the Essex County Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the appellant, *Edwin F. Smith* and *Raymond Dawson*.

For the respondent, *S. Sidney Silver*.

PER CURIAM.

Respondent, an unmarried daughter of appellant, living in his household, twenty-three years of age, working and earning wages, brought suit against her father and recovered the judgment appealed from for damages for personal injuries received while riding in an automobile operated by her father, as is alleged, in a negligent manner.

There are two grounds of appeal, namely, error in the refusal to nonsuit and error in refusal to direct a verdict in favor of appellant. Both are based upon the ground that respondent had not been emancipated and, therefore, could not have her action against her father.

This is a question of fact, ordinarily. Arrival at the age of twenty-one years does not, *ipso facto,* result in emancipation. Arrival at majority is *prima facie,* but not necessarily emancipation. *Brown* v. *Ramsay,* 29 *N. J. L.* 117; *Berla* v. *Miesel,* 52 *Atl. Rep.* 999; 29 *Cyc.* 1673.

In the present case the facts were such as to make the question one to be determined by the jury. There was, therefore, no error in refusing to nonsuit or direct a verdict.

The judgment below is affirmed, with costs.