12637

MITCHELL *ET AL.* v. DREHER *ET AL.*

(147 S. E., 646)

*Mr. W. R. Symmes,* for appellants, 

*Mr. J. A. Merritt,* for respondents, 

April 10, 1929.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Appeal from a decree of his Honor, Judge Mann, denying claim of homestead exemption in certain assets of the estate of J. H. Lee, deceased. The facts are these:

On April 7, 1927, J. H. Lee borrowed from bank $250.00, and gave his note therefor, secured by a mortgage upon crops

to be planted during that year and upon certain live stock and farming implements. Five days later, on April 12th, Lee died, having on deposit with the bank $128.59, balance of proceeds of note for $250.00, unexpended. The defendant T. H. Dreher was appointed administrator of Lee's estate on April 30th. By order of the probate Court the administrator sold all of the personal estate of the intestate, including the chattels covered by the bank's mortgage. The balance on deposit at the time of Lee's death, $128.59, was transferred by the bank to the account of Dreher, administrator, and the proceeds of the sale of the personal property were deposited to his credit. These deposits amounted to $352.81. From this credit balance the administrator paid:

The bank note, less unearned interest ............$242.56
Costs of administration ........................ 31.50
Medical bill ................................. 26.00
Leaving a balance on hand of .................. 52.75

$352.81

The plaintiffs, who are children of the intestate, Lee, instituted the present action in the Court of common pleas for Calhoun County, on March 21, 1928, alleging that they "were entitled to an exemption up to $500.00 in cash as a homestead from personalty in their father's estate before any of the debts of that estate can be paid." The administrator answered, setting forth the payments which he had made as above stated, and asked to be allowed to proceed with the settlement of the estate. The Probate Judge, who was made a party defendant, made no appearance.

The case was referred to L. M. Gressette, Esq., as special referee, who reported that the plaintiffs were entitled "to homestead in the funds left on deposit in the [bank] and were also entitled to homestead ahead of the costs of administration." Upon exceptions by the administrator to this report, the matter was heard by his Honor, Judge Mann, who filed a decree reversing the special referee's report. The

plaintiff appealed from the decree upon the following exceptions:

"First. Error on the part of the presiding Judge in finding that the plaintiffs were not entitled to homestead ahead of the costs of administration, for the reason that the estate is under $500.00 and no administration is necessary where an estate is $500.00 or less.

"Second. Error on the part of the presiding Judge in holding that an administration is necessary on an estate under $500.00, in order that the children of a deceased father may be entitled to set up their claim to a homestead in said estate.

"Third. Error on the part of the presiding Judge in holding that the children of intestate were not entitled to homestead against the balance of a loan on deposit with mortgagee bank to intestate's credit, and after death of intestate placed to administrator's credit by the said mortgagee bank."

It would seem to have been the more orderly course of proceeding, if the plaintiffs wished to object to the payment of the debts and costs of administration, as violative of their right to claim the assets as a personal exemption, under the homestead law, to have brought the administrator to an accounting, at which his claim to credit therefor might have been resisted. We do not see how the plaintiffs may be awarded an exemption in money which has been paid out. But, passing this by, we will consider the exceptions, as the issue would have to be met sooner or later, and it may be as well to end litigation in the one proceeding.

The first and second exceptions present practically the same contention, namely, that, as the estate was of less value than $500.00, administration was unnecessary; that the administrator was not justified in paying out of the assets of the estate the costs of administration, which must accordingly be considered assets in the hands of the administrator, to which the claim of the plaintiffs to the personal exemption would attach.

There are two sufficient reasons why these exceptions cannot be sustained: (1) The appointment of an administrator is a judicial determination which cannot be inquired into upon a collateral proceeding; (2) the plaintiffs are estopped by their acquiescence in now raising the question, even if it should be held that the Probate Court should not have appointed an administrator of so small an estate.

We are inclined to think that the Act of 1925 (34 St. at Large, 93) was intended to apply to instances in which creditors of the intestate were not concerned, cases involving simply the distribution of untrammeled assets, as creditors are nowhere referred to in the Act. There being no valid objection to the administration, the costs of it were properly paid by the administrator.

Upon the question raised by the third exception, we are not in accord with the reasoning and conclusions of the Circuit Judge. The credit balance upon the deposit account of the intestate at the time of his death was cash which he might have drawn upon checks, unaffected by any possible trust relation between him and the bank; that relation was simply that of creditor and debtor. We see no reason why the personal exemption should not attach to it as completely as if it had been cash in his pocket.

The bank, of course, was entitled to the proceeds of the sale of the chattels upon which it had a mortgage, and it was also entitled to set off the credit deposit balance against the note which it held; so that the ruling that the credit balance was subject to the personal exemption, under ordinary circumstances, can afford the plaintiffs no relief.

The result is that the decree must be affirmed, subject to the modification of the grounds upon which it was based as herein indicated.

Judgment affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.