13036

KELLY v. KELLY

(155 S. E., 888)

May, 1930.

*Mr. D. M. Winter,* for appellant,

*Mr. W. M. Graydon,* for appellant,

November 26, 1930.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by the plaintiff, Miss Nellie Kelly, by her guardian *ad litem,* against the defendant, Mrs. Lizzie Kelly, commenced in the Court of Common Pleas for Richland County, May, 1930, is an action for damages in the sum of $10,000.00, for personal injury alleged to have been sustained by the plaintiff while riding in an automobile with defendant in the city of Columbia, S. C., on account of the negligent acts of the defendant. The plaintiff, according to the allegations of the complaint, is the daughter of the defendant, being twelve years of age, and resides with the defendant in the said City of Columbia. The defendant having interposed a demurrer to the complaint in the cause, the demurrer was heard by his Honor, Judge C. J. Ramage, who after due consideration issued an order overruling the same from which order the defendant, pursuant to due notice has been appealed to this Court.

For the purpose of a clear understanding of the question raised by the appeal, we quote herewith the complaint and demurrer:

## COMPLAINT

"A. That both she and the defendant are residents and citizens of the State and county above named and reside at No. 1211 Huger Street and that the defendant is the mother of the plaintiff.

"B. That on or about the 7th day of October, 1919, the defendant, Lizzie Kelly, invited this plaintiff to go for an automobile ride with her, the plaintiff, sometime in the afternoon, and in compliance with said invitation and request this plaintiff agreed to and consented and did in fact get in a certain automobile Ford touring car belonging to the defendant for and in accordance with the aforesaid invitation.

"C. That when in said car the defendant proceeded from the 1200 block of Huger Street in a northern direction along said Huger Street and after passing the intersection of Huger and Lady Streets and while having passed said intersection only a few yards and traveling at a high and excessive rate of speed the car of the defendant crashed into another car being driven in the opposite dirction, to wit, south on Huger Street, with great force and violence, doing great damage to both of said cars and injuring the plaintiff as is hereinafter set forth.

"D. That by reason of and as a result of the aforesaid collision of said cars this plaintiff was painfully, seriously and permanently injured, was made to suffer great physical pain and suffering and great mental anguish for several months and that she will continue to suffer great mental and physical pain and has been seriously and permanently injured.

"E. That as a direct and proximate result of the negligence and carelessness of the defendant as herein set forth and as may be hereinafter set forth the plaintiff has had

her leg fractured in three places below the knee and has had her knee cap completely shattered and cut in twain, has been forced to lose a whole year at school, in that she is twelve (12) years of age and in the sixth grade of the Columbia Graded Schools, for the reason that she has at this time had to keep and still has to keep her leg in a plaster cast, for a period of about two months to this date, and as a result thereof she has lost a whole year at school; said broken leg and knee cap having resulted from the collision afore described.

"F. That the aforesaid injuries to this plaintiff were caused and occasioned as a direct and proximate result of the following negligent acts of the defendant, as follows:

"1. In failing to carefully and properly drive said automobile along a public street of the City of Columbia.

"2. In passing an intersecting street at a greater and higher rate of speed than allowed by law in violation of the ordinances of the City of Columbia and the statutes of the State of South Carolina.

"3. In failing to keep a proper lookout for approaching vehicles.

"4. In passing and going around a car parked on said street without ascertaining that there was another car approaching in the opposite direction.

"5. In driving a car across an intersecting street and not having the same in proper and complete control.

"6. In failing to keep a proper lookout for approaching vehicles.

"7. In driving said car at a high and excessive rate of speed, without proper care and contrary to good judgment, the statutes of city and State, common prudence and common sense.

"G. That as a direct result of the aforesaid negligent, careless, reckless, willful, and wanton conduct of the defendant this plaintiff has been damaged in the sum of Ten Thousand ($10,000.00) Dollars."

DEMURRER

"1. That the complaint does not state facts sufficient to constitute a cause of action against the defendant, as it appears upon the face of said complaint that the damage, if any, complained of is alleged to have arisen on account of negligence of this defendant and that plaintiff is a young daughter of defendant living with defendant and under the law of this State an unemancipated child cannot maintain such tort action against its parent."

Under the rule of the common law an unemancipated child has no right of action against the parent in tort for damages on account of personal injury sustained by such child caused by the negligence of the parent, and there is no statute of this State authorizing such action. It is our opinion that the demurrer should have been sustained. In support of this view attention is called to the following authorities: 20 R. C. L., 631; 46 C. J., 1324; *Small v. Morrison,* 185 N. C., 577, 118 S. E., 12, 31 A. L. R., 1157; *Matarese v. Matarese,* 47 R. I., 131, 42 A. L. R., 1360; *Elias v. Collins,* 237 Mich., 175, 211 N. W,. 88, 52 A. L. R., 1118; *McKelvey v. McKelvey,* 111 Tenn., 388, 77 S. W., 664, 64 L. R. A., 991, 102 Am. St. Rep., 787, 1 Ann. Cas., 130; *Fortinberry v. Holmes,* 89 Miss., 373, 42 So., 799; *Goldstein v. Goldstein,* 134 A., 184, 4 N. J., Misc. R., 711; *Zutter v. O'Connell,* (Wis.), 229 N. W., 74; *Mesite v. Kirchenstein,* 109 Conn., 77, 145 A., 753; *Damiano v. Maniano,* 143 A., 3, 6 N. J., Misc. R., 849; *Ciani v. Ciani,* 127 Misc. Rep., 304, 215 N. Y. S., 767; *Mannion v. Mannion,* 129 A., 431, 3 N. J., Misc. R., 68.

The exceptions are sustained, the order overruling the demurrer reversed, and the complaint dismissed.

MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.