18049

Calvin T. GIBBS, Respondent, v. Harvey Walter YOUNG and
Bowman Transportation, Inc., Appellants.

(130 S. E. (2d) 484)

*Messrs. Baskin & Cothran,* of Bishopville, *for Appellants,*

*Messrs. Belser & Belser,* of Columbia, and *Leppard & Leppard,* of Chesterfield, *for Respondents,* ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Messrs. Baskin & Cothran,* of Bishopville, *for Appellants,* in Reply.

April 9, 1963.

BUSSEY, Justice.

The plaintiff, respondent here, is a resident of California and commenced this action in the Court of Common Pleas for Chesterfield County to recover for personal injuries sustained in an automobile-truck collision near Athens, in the State of Georgia, in July 1960. The defendant Young, a resident of Anderson County, South Carolina, was the driver of the truck involved, which was owned by the defendant Bowman Transportation, Inc., an Alabama corporation, licensed to operate through Chesterfield County. The defendant Young was admittedly the agent of the defendant Bowman at the time.

The defendant Bowman demurred to the complaint on the ground of lack of jurisdiction of the subject matter of the action as to it, and the defendant Young moved to change the venue to Anderson County, South Carolina, in the event that the demurrer should be sustained.

The lower court overruled the demurrer of the defendant Bowman, and, of course, denied the motion of the defendant Young.

Section 10-214 of the 1962 Code of Laws provides that:

"An action against a corporation created by or under the laws of any other state, government or county may be brought in the circuit court * * * (2) by a plaintiff not a resident of this State when the cause of action shall have arisen or the subject matter of the action shall be situate within this State."

It is clear that if in the instant action the plaintiff had sued the defendant Bowman alone, the court would not have had jurisdiction of the alleged cause of action under the construction given to the foregoing Code section in numerous decisions of this court. *Central R. & Banking Co. v. Georgia Construction & Investment Co., etc.,* 32 S. C. 319, 11 S. E. 192; *Blue Ridge Power Co. v. Southern R. Co.,* 122 S. C. 222, 115 S. E. 306; *Hodges v. Lake Summit Co.,* 155 S. C. 436, 152 S. E. 658; *Salway v. Maryland Casualty Co.,* 176 S. C. 215, 179 S. E. 787; *Knight v. Fidelity & Casualty Co.,* 184 S. C. 362, 192 S. E. 558.

There is no question presented as to the jurisdiction of the court over the persons of the two defendants, and the only real question presented by the appeal is whether the joinder of a defendant (with respect to whom the court has jurisdiction of both the person and the subject matter) with a defendant (as to whom the court does not have jurisdiction of the subject matter) confers upon the court jurisdiction of the subject matter as to the latter defendant when it otherwise had no jurisdiction.

The circuit court concluded that Section 10-214 did not apply to the factual situation involved in this case and, in effect, construed said section to be applicable only when a foreign corporation was sued independently of a resident co-defendant.

No case directly in point, from this or any other jurisdiction, was relied upon by the circuit court; none was cited in the briefs of counsel; and none has come to the attention of this court. Generally speaking, our circuit courts, of course, have jurisdiction of transitory actions such as this, but the legislature has clearly limited the jurisdiction of our courts with respect to transitory actions against foreign corporations.

In the case of *American Agricultural Chemical Co. v. Thomas,* 206 S. C. 355, 34 S. E. (2d) 592, this court said:

"The jurisdiction of a Court over the subject-matter of an action depends upon the authority granted to it by the Constitution and laws of the State, and and is fundamental. Objection to such jurisdiction may be made at any time during the progress of the action, and cannot be waived or conferred by consent. *Senn v. Spartanburg County,* 192 S. C. 489, 7 S. E. (2d) 454; *Ladshaw v. Hoskins,* 204 S. C. 346, 29 S. E. (2d) 480; *Rosamond v. Lucas-Kidd Motor Co.,* 182 S. C. 311, 189 S. E. 641."

In *Hodges v. Lake Summit Co.,* 155 S. C. 436, 152 S. E. 658, this court said:

"It does not follow as a matter of course that the court had jurisdiction of the *subject-matter* of the controversy for the reason simply that it had jurisdiction of the *person* of the defendant. In order to accord to the court jurisdiction of the entire case, it must appear that its jurisdiction of both the person of the defendant *and* the subject-matter cannot be questioned."

Since the jurisdiction of a court over the subject matter of an action is dependent upon the authority granted to it by the laws of the state, which authority has been withheld by the legislature insofar as the defendant Bowman is here concerned, we fail to see where the joinder of a defendant as to whom the court does have jurisdiction of the subject matter would have the effect of granting to the court jurisdiction which the legislature withheld.

Since it is our conclusion that the court was without jurisdiction of the subject matter of the action as to the defendant Bowman, it follows that the circuit judge erred in overruling the demurrer.

As the demurrer of Bowman should have been sustained, the motion of the defendant Young for a change of venue to Anderson County should have been granted. Code sections 10-303, 10-310.

Reversed and remanded.

TAYLOR, C. J., and Moss, LEWIS and BRAILSFORD, JJ., concur.