18053

Dorothy P. MAXEY, as Administratrix of the Estate of Timothy Dean Maxey, Appellant, v. Donald Joseph SAULS, Mary Lou Stokes, as Administratrix of the Estate of James N. Stokes and J. I. Player, as Administrator of the Estate of David L. Maxey, Defendants, of which J. I. Player, as Administrator of the Estate of David L. Maxey is, Respondent.

(130 S. E. (2d) 570)

*Messrs. Murdaugh, Eltzroth & Peters,* of Hampton, *for Appellant,*

*Messrs. Hope & Cabaniss,* of Charleston, *for Respondent,*

April 11, 1963.

LEWIS, Justice.

Timothy Dean Maxey, a minor four years of age, and his father, David L. Maxey, were killed when the automobile driven by the father, and in which the minor was riding as a guest passenger, collided with two other automobiles at an intersection. This action was instituted by the administratrix of the estate of the minor son against the administrator of the estate of the father, and the operators of the other vehicles, to recover damages for the wrongful death of the son, alleged to have been caused by the joint and concurrent negligent, reckless, willful and wanton acts of the father and the operators of the other vehicles. We are concerned in this appeal only with action brought by the administratrix of the estate of the unemancipated son against the administrator of the estate of his father to recover damages for the son's wrongful death.

Upon the service of the complaint, the administrator interposed a demurrer thereto on the ground that the plaintiff's intestate was an unemancipated child of defendant's intestate, and had no cause of action against the estate of his father. The lower court sustained the demurrer and the plaintiff has appealed.

It is the settled law of South Carolina, to which we adhere, that an unemancipated child has no right of action against his parent for personal injuries caused by the parent's negligence. *Kelly v. Kelly,* 158 S. C. 517, 155 S. E. 888. "The rule is founded in public policy, being based upon society's interest in the preservation of family unity and harmony and parental discipline. 39 Am. Jur., Parent and Child, Section 89." *Parker v. Parker,* 230 S. C. 28, 94 S. E. (2d) 12, 60 A. L. R. (2d) 1280.

The plaintiff contends, however, that the foregoing rule is inapplicable to the present case and the demurrer should have been overruled because (1) the death of the parent or child removes the reason for the rule, (2) the father had liability insurance and accordingly there is no conflict of interest which would call for the application of the foregoing rule of immunity from suit, and (3) this action being based upon the alleged willful acts of the parent, the rule does not apply.

This is an action for wrongful death and is brought under the provisions of Section 10-1951 of the 1962 Code of Laws. This section is as follows:

"Whenever the death of a person shall be caused by the wrongful act, neglect or default of another and the *act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof,* the person who would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, although the death shall have been caused under such circumstances as make the killing in law a felony. In the event of the death of the wrongdoer, such cause of action shall survive against his personal representative." (Emphasis added.)

While the foregoing section creates a new cause of action, *Osteen v. Southern Ry., Carolina Division,* 76 S. C. 368, 57 S. E. 196; *In Re Mayo's Estate,* 60 S. C. 401, 38 S. E. 634, 54 L. R. A. 660; *Complete Auto Transit, Inc. v. Bass,* 229 S. C. 607, 93 S. E. (2d) 912, the right to maintain the action is based upon the condition that "the act, neglect or default" must be "such as would, if death had not ensued, have entitled the person injured to maintain an action and recover damage in respect thereof." In other words, "if the deceased never had a cause of action, none accrues under the wrongful death statute." *Scott v. Greenville Pharmacy, Inc.,* 212 S. C. 485, 48 S. E. (2d) 324, 11 A. L. R. (2d) 745; *Hall v. Murphy,* 236 S. C. 257, 113 S. E. (2d) 790.

It is clear, therefore, that an action could not have been maintained had plaintiff's intestate lived, under the settled principle that prohibits suit by an unemancipated child against the parent. Since the "act, neglect, or default" was such that, if the unemancipated child had lived, he could not have brought an action therefor against the parent, this action could not be maintained under our wrongful Death Statute, Section 10-1951, *supra*. This is in accord with the view adopted in other jurisdictions. In 16 Am. Jur., Death, 1962 Cumulative Supplement, Section 123.5 it is stated: "The usual ruling under wrongful death statutes has been that an action is not maintainable against a parent or his representatives for negligence resulting in the death of his unemancipated minor child, since had the child survived he could not have maintained an action to recover for his injuries." See: Annos. 19 A. L. R. (2d) 423, 449; 60 A. L. R. (2d) 1284. The foregoing principle was inferentially adopted in the case of *Parker v. Parker, supra,* 230 S. C. 28, 94 S. E. (2d) 12.

Neither would allegations in the complaint that the death of the child was brought about by the reckless, willful and wanton acts of the father enable this action to be maintained. Such an action would not lie if the child had survived, *Kelly v. Kelly, supra,* 158 S. C. 517, 155 S. E. 888, and, as pointed out hereinabove, such fact, under the wrongful death statute, would preclude its maintenance in the event of the death of the child. In the *Kelly case* the action was one for personal injuries sustained by the child. The complaint alleged that the mother was guilty of reckless, willful and wanton conduct in the operation of the vehicle. The court sustained a demurrer to the complaint upon the ground that such action would not lie. Here, as in the *Kelly case,* the allegations are the usual ones found in automobile negligence cases brought by a guest passenger.

The plaintiff contends, however, that the father carried liability insurance and there is, therefore, no conflict of interest which would call for the application of

the rule that bars a suit by an unemancipated minor against the parent. In effect, the plaintiff takes the position that the presence of liability insurance transfers the liability to a third person, thereby eliminating any disruption of family unity and harmony and the basis for the immunity rule. This position cannot be sustained. Regardless of the presence of liability insurance, the original liability is that of the parent, and it is generally held that the existence of such insurance, where there is no additional relationship between the parties, does not enable the minor to maintain the action if he could not otherwise have maintained it. 19 A. L. R. (2d) 435. The fact that a parent is protected by liability insurance does not act to create liability or a cause of action where none otherwise existed. *Brumfield v. Brumfield,* 194 Va. 577, 74 S. E. (2d) 170.

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.