18054

Bryant FOWLER, As Administrator of the Estate of Janice Morrow Fowler, Respondent, v. Albert FOWLER, Appellant

(130 S. E. (2d) 568)

*Messrs. Butler, Chapman & Barnes,* of Spartanburg, *for Appellant,*

*Messrs. Thomas W. Whiteside* and *J. Wright Nash,* of Spartanburg, *for Respondent,*

254

*Messrs. Butler, Chapman & Barnes,* of Spartanburg, *for Appellant, in Reply,* 

April 15, 1963.

TAYLOR, Chief Justice.

The sole question for determination in this appeal is whether an action will lie, under the laws of this State, by the administrator of the estate of a deceased mother for her wrongful death against her husband for the benefit of the minor unemancipated children of the parties.

The issues arise under the pleadings, from which it appears that the mother died from injuries received when the truck in which she was riding as a passenger with her husband, and driven by him, overturned. It is alleged that the collision of the truck and the intestate's resulting fatal injuries were caused by the reckless, willful and wanton manner in which the husband was operating the vehicle at the time. This action is brought under the South Carolina Wrongful Death Statute, Section 10-1951 *et seq.* of the 1962 Code of Laws, for the benefit of the two minor unemancipated children of the parties. Normally this action for the wrongful death of the mother would be brought for the benefit of the father and the two children. Section 10-1952, 1962 Code of Laws. It is conceded, however, that the father could not be a beneficiary of any such action because it was his wrongful acts which allegedly brought about the death of the mother. The action is, therefore, considered as one solely for the benefit of the two minor unemancipated children.

We think that the answer to the question here involved is found in the terms of Section 10-1951 of our wrongful death statute.

Section 10-1951 is as follows:

"Whenever the death of a person shall be caused by the wrongful act, neglect or default of another and the *act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof,* the person who would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, although the death shall have been caused under such circumstances as make the killing in law a felony. In the event of the death of the wrongdoer, such cause of action shall survive against his personal representative." (Emphasis added).

The only limitation placed by the Legislature in the foregoing statute upon the right to bring an action for wrongful death is that the "act, neglect or default" must be "such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof."

It is well settled in this State that a wife can maintain an action against her husband for personal injuries sustained in an automobile accident. *Pardue v. Pardue,* 167 S. C. 129, 166 S. E. 101. The instant action is one for wrongful death of the wife, resulting from the alleged reckless and willfull infliction of personal injuries upon her by the husband in an automobile accident and, unquestionably, if the wife had survived, she could have maintained an action against the husband for her personal injuries so sustained. Since, if the wife had survived, she could have maintained an action for her personal injuries, Section 10-1951 clearly authorizes the present action for her wrongful death.

The defendant contends, however, that to permit the administrator to bring the present action against the husband of the deceased for her wrongful death, when the statutory beneficiaries are the minor unemancipated children, would in effect permit the children to sue their father in tort. The contention of the defendant is based upon the settled rule in this State that an unemancipated child has no right of action against his parent for a personal tort. *Kelly v. Kelly,* 158 S. C. 517, 155 S. E. 888.

The rule prohibiting suit by a minor against the parent for a personal tort is based upon considerations of public policy, which discourage causes of action that tend to undermine and destroy family unity and parental discipline. Suits by a wife against the husband for personal torts may well fall into the classification of actions which would tend toward the foregoing result. However, legislative sanction for such suits has been found in this State and they are now permitted by virtue of Section 10-216 of the 1962 Code of Laws. *Pardue v. Pardue,* 167 S. C. 129, 166 S. E. 101. The Legislative intent is clear in Section 10-1951 to provide a right of action for wrongful death in all situations where the deceased could have maintained an action for personal injuries if he or she had survived. To exclude the instant action from the terms of the statute would amount to our writing therein conditions which the Legislature failed to include, which we are not permitted to do.

The defendant argues, however, that Section 10-1951 creates a new cause of action which may be maintained only for the benefit of the statutory beneficiaries, here the minor unemancipated children. It is then reasoned that since this is a new cause of action, the fact that the mother could have maintained an action against the husband for her injuries, if she had survived, has no effect upon the issue here. We do not agree.

It is true that Section 10-1951 creates a new cause of action. *Osteen v. Southern Ry., Carolina Division,* 76 S.

C. 368, 57 S. E. 196; In *re Mayo's Estate*, 60 S. C. 401, 38 S. E. 634, 54 L. R. A. 660; *Complete Auto Transit, Inc. v. Bass,* 229 S. C. 607, 93 S. E. (2d) 912. But, as pointed out in the case of *Maxey v. Sauls et al.,* S. C. 130 S. E. (2d) 570, the right of action created applies to those situations where if death had not ensued the deceased could have maintained an action to recover damages for the injuries sustained. The instant case falls within the permitted class.

In the *Maxey* case, we have denied the right to maintain an action for wrongful death of a minor unemancipated child against the estate of his father, because, if the minor had survived, he could not have brought an action against the father for his injuries. That case, therefore, fell without the permitted actions for wrongful death under Section 10-1951.

But defendant contends that the same considerations which called for a denial of the right of a child to sue his parent for a personal tort exist here and require denial of the right to maintain this action. We recognize that there is merit in the contention of the defendant that there can exist in an action of this kind many of the considerations which prompted the court to deny the right of an unemancipated child to sue his parent for a personal tort. However, we are here confronted with the construction of the statute under which this action is brought. The right to maintain the action for wrongful death is granted irrespective of the beneficiaries named, if the act was such as would, if death had not ensued, have entitled the injured person to maintain an action therefor. Section 10-1951 grants the right to maintain the present action and the lower court correctly so held.

For the foregoing reasons, we are of opinion that the Order appealed from should be affirmed; and it is so ordered.

Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.