MARY ELLEN TURNER vs. JAMES E. McCUNE. December 15, 1976.
That portion of the parties' separation agreement which gave rise to
this action provided, inter alia, that the defendant's obligation to sup-
port their son shall cease upon "the *emancipation* of the child before
age 21" (emphasis supplied). No serious argument is made that the
son is financially emancipated. Although, in his answer, the defendant
denied the allegation that the son is not emancipated, his affidavit
failed to allege specific facts showing that the son is, indeed, finan-
cially emancipated. The defendant claims only that emancipation oc-
curred as matter of law when the son reached eighteen in June, 1974,
by virtue of the lowering of the age of majority in this Commonwealth
from twenty-one to eighteen.[1] We need not decide whether our law
applies or the law of New Jersey where the agreement was executed
and where the plaintiff and the defendant last lived together in 1961

---

[1] G. L. c. 4, § 7, Fifty-First, inserted by St. 1973, c. 925, § 1, effective
January 1, 1974. See G. L. c. 231, § 85P, inserted by St. 1975, c. 315,
§ 1, effective January 1, 1974. See now St. 1976, c. 279.

prior to their divorce. *Molinar* v. *Western Elec. Co.* 525 F.2d 521, 527-528 (1st Cir. 1975), cert. den. 424 U. S. 978 (1976). Under New Jersey law, as under ours, there is no fixed age when emancipation occurs. It does not occur automatically upon reaching the age of majority. *Straver* v. *Straver,* 26 N.J. Misc. 218, 222 (Ch. 1948). *Schumm* v. *Schumm,* 122 N. J. Super. 146, 150 (Ch. 1973). Consequently, neither the change in the age of majority in New Jersey from twenty-one to eighteen (N.J. Stat. Ann. 9: 17B-1, inserted by L. 1972, c. 81, § 1, effective January 1, 1973) nor the corresponding change in our law automatically relieved the defendant of his support obligation. As the defendant has observed in his brief, attaining the age of majority in New Jersey is only prima facie evidence of emancipation. *Goldstein* v. *Goldstein,* 4 N.J. Misc. 711, 712 (Sup. Ct. 1926). *Straver, supra,* at 222. *Schumm, supra.* To avoid summary judgment, an opposing party may not rest on his pleadings or general denials. He must set forth specific facts showing that there is a genuine triable issue. *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 553 (1976). It follows, since the defendant's affidavit did not set forth facts showing actual emancipation, that no genuine issue as to a material fact was raised (Mass.R.Civ.P. 56 [c], 365 Mass. 824 [1974]), and that summary judgment was correctly entered in the Probate Court for the plaintiff. The judgment, however, is to be modified to reflect, as the present judgment does not, the possibility of the occurrence, prior to the son's reaching twenty-one, of any of the conditions set forth in the agreement which would release the defendant from his obligation to provide further support for the son until he reaches that age.

*So ordered.*

*Allen C. B. Horsley* for the defendant.
*Raymond H. Young (Katherine L. Babson, Jr.,* with him) for the plaintiff.