270 S.C. 477 (1978)
242 S.E.2d 683
A. J. NIX, Jr., as Administrator of the Estate of Winifred Hawkins, Respondent,
v.
MERCURY MOTOR EXPRESS, INC., and Jack Edwards, Appellants. Roy H. HAWKINS, Respondent,
v.
MERCURY MOTOR EXPRESS, INC. and Jack Edwards, Appellants (two cases).
20634
Supreme Court of South Carolina.
March 9, 1978.
*478 *479 James W. Alford of Alford & Johnson, of Columbia, for Appellants.
Henry Hammer of Hammer and Bernstein, Columbia, and J. Robert Peters, Jr., of Murdaugh, Peters and Murdaugh, Hampton, for Respondents.
March 9, 1978.
GREGORY, Justice:
This appeal is from the order of the lower court denying appellants' motions for a change of venue from Hampton County to Florence County. Appellants also contend the circuit court lacks subject matter jurisdiction as to Mercury *480 Motor Express, Inc. We find the court lacks subject matter jurisdiction as to Mercury, and reverse the lower court's refusal to grant appellant Edwards' motion for a change of venue.
These two actions arose out of the collision of the vehicle owned by Mercury and driven by its agent Edwards, and that occupied by Mr. and Mrs. Hawkins. The accident occurred in Virginia on December 8, 1974. As a result of the collision Mrs. Hawkins died and Mr. Hawkins sustained personal injuries.
Mr. Hawkins is a resident of Massachusetts as was Mrs. Hawkins. Respondent Nix, a resident of Hampton County, is the duly appointed administrator for Mrs. Hawkins' estate. Mr. Hawkins filed suit in the Court of Common Pleas for Hampton County against Mercury and Mr. Edwards seeking to recover for his personal injuries, and Mr. Nix initiated a wrongful death action in Hampton County for the benefit of Mrs. Hawkins' spouse and children.
Appellant Mercury is a foreign corporation licensed by the Public Service Commission to operate motor carriers upon the public highways through Hampton County. Mr. Edwards is a resident of Florence County.
Appellants question the jurisdiction of the circuit court over the subject matter of these actions and contend the issue is raised for the first time on appeal. Respondents argue that the issue was raised in the court below and decided adversely to appellants. Respondents further contend the issue should not be considered on appeal since no exception was taken on this point, and cite Dunlap & Dunlap v. Zimmerman, 188 S.C. 322, 199 S.E. 296 (1938) as supportive of their position:
The question of jurisdiction may be raised once, but when the issue has been decided adversely to a party he cannot continue to raise it, in different stages of the trial. His remedy is to preserve his exception in the first instance, *481 and his failure to do so forecloses the right to again raise it. 199 S.E. at 299.
Although Zimmerman involved a question of subject matter jurisdiction where no exception had been taken to the proceedings below, the holding in Zimmerman is inapposite to the case at hand. Here, the record fails to show that the issue of subject matter jurisdiction was ever raised before the lower court and decided adversely, either specifically or by inevitable inference, to a party. At best, the record indicates the parties stipulated jurisdiction as evidenced by the statement of the trial judge in his order:
It is stipulated by counsel:
6. These are transitory causes of action properly triable in South Carolina. It is well settled that "lack of jurisdiction of the subject matter cannot be waived even by consent and may be raised in this Court without an exception," Petroleum Transportation, Inc. v. Public Service Commission, 255 S.C. 419, 179 S.E. (2d) 326, 328 (1971), and that subject matter jurisdiction can be questioned by a party for the first time on appeal, or by this Court ex meri motu. Foster v. Nordman, 244 S.C. 485, 137 S.E. (2d) 600 (1964). Zimmerman is not supportive of respondents' contention because the question of subject matter jurisdiction was never at issue in the lower court. Thus, the matter is properly before this Court.
The pertinent jurisdictional statute is Section 15-5-150, 1976 Code of Laws of South Carolina:
An action against a corporation created by or under the laws of any other state, government or country may be brought in the circuit court:
(1) By any resident of this State for any cause of action; or
(2) By a plaintiff not a resident of this State when the cause of action shall have arisen or the subject of the action shall be situated within this State.
*482 We need go no further than the plain language of Section 15-5-150 to see that the circuit court lacks subject matter jurisdiction over the action by Mr. Hawkins, a nonresident plaintiff, against Mercury, a foreign corporation, for a cause of action that did not arise or the subject of which is not situated within this State. The joinder of Mr. Edwards, with respect to whom the circuit court clearly has jurisdiction, with Mercury will not confer subject matter jurisdiction to the circuit court as to Mercury.
In Gibbs v. Young, 242 S.C. 217, 130 S.E. (2d) 484 (1963), this Court was presented with a situation identical to that presented by Mr. Hawkins' action against Mercury and Mr. Edwards. In Gibbs, supra, plaintiff a resident of California, brought suit in Chesterfield County to recover for personal injuries sustained in an accident that took place in Georgia. The defendant Young, a resident of Anderson County, was the driver of a truck owned by the defendant Bowman Transportation, Inc., a foreign corporation licensed to operate through Chesterfield County. There we held the circuit court lacked subject matter jurisdiction as to Bowman Transportation, Inc., under Section 15-5-150. Our holding in Gibbs is controlling in this case.
The wrongful death action is brought by Mr. Nix in his capacity as the personal representative of Mrs. Hawkins as required by the law of the state where the injury resulting in death occurred. Code of Virginia Section 8-633, et seq. Under both the Virginia and South Carolina wrongful death statutes the test of the right of an administrator to maintain an action for wrongful death is whether the deceased could have maintained an action for the injury had he survived. As stated by the Virginia Supreme Court of Appeals in Virginia Electric & Power Co. v. Decatur, 173 Va. 153, 3 S.E. (2d) 172, 4 S.E. (2d) 294 (1939):
... the cause of action of the injured party, while alive, is the same cause of action that passes to the personal representative. It is thus seen that the right of the personal *483 representative to recover for the death of his decedent stands upon no higher ground than that occupied by the injured party while living. 3 S.E. (2d) at 174, 185; and in Lawrence v. Craven Tire Co., 210 Va. 138, 169 S.E. (2d) 440 (1969):
If plaintiff's decedent had no right, at time of death, to maintain an action for personal injuries, then the right to maintain the present action could not be transmitted to her personal representative. 169 S.E. (2d) at 441.
See also: Hall v. Murphy, 236 S.C. 257, 113 S.E. (2d) 790 (1960); Fowler v. Fowler, 242 S.C. 252, 130 S.E. (2d) 568 (1963); Maxey v. Sauls, 242 S.C. 247, 130 S.E. (2d) 570 (1963).
It is clear that Mrs. Hawkins could not have prosecuted an action for personal injuries against Mercury in the courts of this State because of the door-closing effect of Section 15-5-150. Neither could she have avoided Section 15-5-150 by assigning her cause of action to a resident. Section 15-15-60, 1976 Code, operates to prevent any such assignment from placing the assignee on higher ground than his assignor. W.M. Kirkland, Inc. v. Providence Washington Insurance Co., 264 S.C. 573, 216 S.E.(2d) 518 (1975). Since the "act, neglect or default," Section 15-51-10, 1976 Code, and Virginia Code Section 8-633, was such that if Mrs. Hawkins had lived she could not have prosecuted an action against Mercury in South Carolina, this wrongful death action cannot be maintained by her personal representative.
We conclude the circuit court lacks subject matter jurisdiction as to appellant Mercury, and accordingly hold it was error for the lower court to deny *484 appellant Edwards' motion for a change of venue to Florence County. Section 15-7-30, 1976 Code; Gibbs v. Young, supra.
Reversed and remanded.
LEWIS, C.J., and LITTLEJOHN, J., concur.
NESS and RHODES, JJ., dissent.
NESS, Justice (dissenting):
Disagreeing with the view of the majority, I would affirm in part.
A duly appointed administrator is the proper party to bring an action for wrongful death. See Section 15-5-70, 15-5-80 and 15-51-20 of the Code of Laws of South Carolina (1976); Glenn v. DuPont, 254 S.C. 128, 174 S.E. (2d) 155 (1970); In Re Estate of Mayo, 60 S.C. 401, 38 S.E. 634 (1901). Since no challenge to Nix's appointment was made in the Probate Court, appellant may not now collaterally attack his appointment.[1] Therefore, the trial court properly refused the motion for change of venue since Nix brought the suit pursuant to Code Section 15-5-150(1), and venue *485 was properly laid in Hampton County where Mercury Motor Express was licensed to operate.[2]
The inconsistency wrought by granting subject matter jurisdiction to the action brought by Mrs. Hawkins' estate and denying it to Mr. Hawkins is the result of application of the existing decisional and statutory law of this State. In Ridgeland Box Mfg. Co. v. Sinclair Refining Co., 216 S.C. 20, 56 S.E. (2d) 585 (1949), and Doremus v. Atlantic Coast Line Railroad Company, 242 S.C. 123, 130 S.E. (2d) 370 (1963), this Court approved the principle that a plaintiff may assign a fractional share of his claim to an otherwise disinterested resident of another state which assignment could have two distinct effects:
(1) Defeating diversity jurisdiction where the plaintiff assigns an interest to a resident of the same state as the defendant;
(2) Allowing suit to be brought in South Carolina under what is now Code Section 15-5-150(1) on an out-of-state cause of action by assignment of a fractional share of the claim to a South Carolinian.[3]
The federal courts have abolished result one. See Kramer v. Caribbean Mills, Inc., 394 U.S. 823, 89 S.Ct. 1487, 23 L. Ed (2d) 9 (1969). However, until Doremus, supra, is overruled, it is still the law of this State that a plaintiff may *486 assign a fractional share of his claim and thus defeat the South Carolina door closing statute.
Utilizing the elementary proposition of law that an administrator stands on no higher ground than that occupied by the deceased when living, the majority asserts that Mrs. Hawkins could not have prosecuted an action for personal injuries against Mercury because of our door closing statute. However, Mrs. Hawkins could have prosecuted such an action via a Doremus assignment as heretofore described. Mention of Doremus is conspicuously absent from the majority opinion and the cases cited to support the assertion that Nix may not maintain suit in South Carolina are inapposite.
In the cases of Fowler v. Fowler, 242 S.C. 252, 130 S.E. (2d) 568 (1963) and Hall v. Murphy, 236 S.C. 257, 113 S.E. (2d) 790 (1960) relied on by the majority, suits by the administrator were allowed. The only other South Carolina case cited by the majority, Maxey v. Sauls, 242 S.C. 247, 130 S.E. (2d) 570 (1963),[4] involved a suit by the administrator of a minor against a parent where the minor could not have sued the parent under any circumstances. Such a substantive bar to suit differs from the mere procedural bar as illustrated by the Doremus rationale of Code Section 15-5-150.
Likewise, the Virginia cases cited by the majority are inapplicable. In Lawrence v. Craven Tire Company, 210 Va. 138, 169 S.E. (2d) 440 (1969) the issue was whether a personal representative could maintain an action for the wrongful death of a fetus. The court disallowed the suit because it concluded the fetus was not a person, thus reaching the opposite result reached by this Court in the Hall case.
Reliance on the statement by the Virginia Supreme Court in Virginia Electric & Power Co. v. Decatur, 173 Va. 153, 3 S.E. (2d) 172 (1939) is also misplaced as that case concerned *487 a rule of evidence and addressed neither substantive nor procedural bars to suit by a personal representative.
In addition to failing to refer to Doremus, the majority opinion also fails to cite Chapman v. Southern Railway Company, 230 S.C. 210, 95 S.E. (2d) 170 (1956). In that suit by an administrator under the Federal Employers' Liability Act against a foreign railroad corporation doing business in South Carolina, this Court adhered to the citizenship of the administrator for purposes of Code Section 15-5-150 and did not even discuss the deceased's citizenship.
The majority's reliance on Section 15-5-60 is misplaced, as that section merely preserves a setoff or other defenses of a defendant in the event of the assignment of a thing or action. Thus, the section allows the defendant to plead affirmative defenses available to him against the assignor in actions brought by the assignee. The provision does not address itself to subject matter jurisdictional questions and hence with a legitimate assignment of an interest to a South Carolina resident, the requirements of the door closing statute are met. Thus, as in efforts to defeat diversity, the assignment satisfies jurisdictional requisites. Doremus v. A.C.L., supra.
While I do not object to the majority's desire of keeping foreign suits which have utterly no connection with South Carolina out of South Carolina courts, this goal should not be attained by disregarding established case law and relying on dicta as "precedent." Nienow v. Nienow, 268 S.C. 161, 232 S.E. (2d) 504 (1977). Had Mercury challenged the appointment of the administrator in either the probable or the circuit court,[5] I believe we would be in a position to pass *488 on the vitality of Doremus. Without such a challenge we should accept the validity of Nix's appointment and hold him to be the proper party plaintiff in this wrongful death action. Since Nix is a South Carolina resident, our courts have jurisdiction of the matter under Code Section 15-5-150(1). Accordingly, I would affirm the order of the lower court denying appellant Edwards' motion for a change of venue regarding the death action and reverse as to the personal injury suit.[6]
RHODES, J., concurs.
NOTES
[1] As stated in Norwood v. Atlantic Coast Line R. Co., 203 S.C. 456, 470, 27 S.E. (2d) 803, 809 (1943):

"No collateral attack may be made upon the granting of administration in the Probate Court, unless a lack of jurisdiction affirmatively appears on the face of the record, as distinguished from the record being merely silent."
We have recently affirmed that principle in Tucker v. Tucker, 264 S.C. 172, 177, 213 S.E. (2d) 588, 590 (1975), where, in holding that a circuit court has only appellate jurisdiction, once a matter is commenced in the probate court we said:
"While it is true that the circuit court has general jurisdiction in civil matters, once the forum for the administration of an estate has been chosen, the forum or court so assuming jurisdiction has control of the administration of the estate and parties interested in estate matters should apply to the judge of that court."
[2] Section 58-23-90 (1976) provides:

"An action may be brought against a motor carrier licensed under Article 5 of this chapter in any county through which the motor carrier operated."
This section is applicable to a foreign motor carrier such as Mercury Motors, Inc., Windham v. Pace, 192 S.C. 271, 6 S.E. (2d) 270 (1939), and plaintiff has a choice between two otherwise proper venues where one defendant is a corporation and one a natural person. Deese v. Williams, 238 S.C. 292, 113 S.E. (2d) 823 (1960). Section 15-7-30 (1976).
[3] The pertinent language of the Court was:

"As to the contention of the appellant that the plaintiff Davis, as the assignee of a 1/100 interest in the infant plaintiff's cause of action, is not a proper party plaintiff in a suit brought by the assignee and assignor as joint plaintiffs, we think this contention was clearly decided adversely to the appellant in the case of Ridgeland Box Mfg. Co. v. Sinclair Refining Co., 216 S.C. 20, 56 S.E. (2d) 585." Doremus, supra, 242 S.C. at 142-143, 130 S.E. (2d) 379.
[4] Since partially abrogated by statute, see § 15-5-210.
[5] While it is easy to suggest to a defendant, such as Mercury Motors, that it challenge in the circuit or probate court the appointment of an administrator as a device to create subject matter jurisdiction, there are several hurdles which such a challenge must surmount. Two distinct lines of authority confront a would-be challenger. The first flows from an expansive reading of § 14-23-260.

"The jurisdiction assumed by any probate court in any case, so far as it depends on the place of residence or the location of the estate, shall not be contested in any suit or proceeding whatever, except in an appeal from the probate court in the original case or when the want of jurisdiction appears on the record."
The reason for this section is to avoid upsetting an administration once the estate is settled and proceeds distributed. South Carolina National Bank of Charleston v. May, 211 S.C. 290, 44 S.E. (2d) 836, 839 (1947). But while the statute, by its terms, limits collateral attacks only when they concern the place of residence (of the deceased) or the location of the estate (see, Simmons v. Atlantic Coast Line RR Co., 235 F. Supp. 325 (E.D.S.C. 1964)), there is broad language in at least one case to the effect that no collateral attack on an administrator is permitted on any grounds. Mitchell v. Dreher, 150 S.C. 125, 147 S.E. 646 (1929). The federal courts have viewed § 14-23-260 as binding only on the state, and not the federal courts. Simmons v. Atlantic Coast Line RR Co., supra, at 329. However, in state court, the defendant may not usually challenge the appointment of an administrator other than by a direct action in the probate court under § 14-23-260.
[6] While the issue was not raised on appeal and therefore the question is not before this Court, broad application of the Door Closing Statute, Section 15-5-150, as is effected by the Court in Gibbs v. Young, 242 S.C. 217, 130 S.E. (2d) 484 (1963), and by the majority here, works to the detriment of South Carolina defendants. Here, by sweeping application of the Door Closing Statute the plaintiff will be required to bring suit in Virginia against both parties thereby frustrating the legitimate desire of a South Carolina citizen to face suit in the State of his residence. I do not believe that the General Assembly intended to create such a hardship. I would restrict the statute to cases where none of the defendants are from South Carolina or the cause of action has no relationship whatsoever with the forum.