**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Ruth Sturkie LeClair, as Next of Kin to and Personal Representative of the Estate of Raymond Conrad LeClair, Appellant,

v.

Palmetto Health, Respondent.

Appellate Case No. 2011-195746

———————

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-081
Heard January 10, 2013 – Filed February 20, 2013

———————

**REVERSED AND REMANDED**

———————

Stephen R. Soltis, Jr., of Soltis Law Firm, of Lexington, for Appellant.

James E. Parham, Jr., of James E. Parham, Jr., P.A., of Irmo, and Andrew F. Lindemann, of Davidson & Lindemann, P.A., of Columbia, for Respondent.

———————

**PER CURIAM:** Ruth Sturkie LeClair (LeClair), as Next of Kin to and Personal Representative of the Estate of Raymond Conrad LeClair (Decedent), appeals the trial court's grant of summary judgment to Palmetto Health on her wrongful death claims, arguing the trial court erred in ruling the statute of limitations expired prior to the filing of her complaint. We reverse and remand.

LeClair's claim was based on an allegation of negligence that occurred on March 4, 2005. Decedent was admitted to the hospital and ultimately died on September 28, 2005. LeClair filed this action on July 2, 2008. After a hearing, the trial court granted Palmetto Health's motion for summary judgment based on the expiration of the statute of limitations. The court denied LeClair's motion for reconsideration.

A wrongful death action may be brought by the estate for the benefit of the decedent's heirs. S.C. Code Ann. § 15-51-20 (2005). "Our jurisprudence makes clear that if the decedent was barred from recovering damages for his injuries, the bar passes to the decedent's estate. Succinctly stated, if the decedent had no claim at his death, the estate has no claim." *Estate of Stokes ex rel. Spell v. Pee Dee Family Physicians*, *L.L.P.,* 389 S.C. 343, 347, 699 S.E.2d 143, 145 (2010). "If the decedent had a right of recovery at the time of death, then the wrongful death action must be filed within three years, which begins to run 'upon the death of the person on account of whose death the action is brought.'" *Id.* at 349, 699 S.E.2d at 146 (quoting S.C. Code Ann. § 15-3-530(6) (2005)).

Decedent was injured on March 4, 2005, and died on September 28, 2005. Therefore, Decedent had a right of recovery at the time of his death. LeClair filed the complaint for wrongful death and other claims on July 2, 2008, which was within three years of Decedent's death. Thus, the filing was within the statute of limitations, and the trial court erred in granting summary judgment on this ground.

As to Palmetto Health's arguments concerning its additional sustaining ground, we decline to address the issue. *See I'On, L.L.C. v. Town of Mt. Pleasant,* 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) ("It is within the appellate court's discretion whether to address any additional sustaining grounds.").

**REVERSED AND REMANDED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**